on the day previous that the motion to vacate that order was granted did not, in fact, accomplish that result. The order extending the time to answer remained in full force and effect until the order vacating it had been actually signed and entered, and this was not until the day after the answer had been served. The settlement of the order was the actual disposition made of the motion, and that was on the 3d of February. The answer was served on the 2d of February, and at a time when defendant had a right to serve it. It put in issue material allegations of the complaint, and, until such issues had been disposed of, judgment could not legally be entered.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.  ·

---

ROSS v. METROPOLITAN ST. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. NEW TRIAL—STATUTES—APPEAL.

Under Code Civ. Proc. § 999, providing that the judge presiding at a trial by a jury may grant a new trial on exceptions, or because the verdict is for excessive or insufficient damages or otherwise contrary to the evidence or contrary to law, where a motion is made for a new trial on all the grounds named in the statute, and an order is made sustaining the motion as to one ground and denying it as to the rest, the order cannot be reversed on appeal if the moving party is entitled to have the verdict set aside on either of the grounds mentioned in the motion and statute.

2. PERSONAL INJURIES—LIABILITY—STREET RAILROAD.

The mere use of the tracks of a railroad company by a street railway is insufficient to render the street railway company liable for injuries to a pedestrian on the street on which the tracks are laid, where the injuries were the result of a defective cross-walk alongside of the track.

3. SAME—RAILROAD.

A railroad which was given the right by ordinance to lay down rails and operate a railroad through a street, and undertook to pave the street when required by the city council, was not liable for injuries to a pedestrian caused by a defective cross-walk alongside the track, in the absence of evidence that the council ever ordered the railroad to pave.

4. PERSONAL INJURIES—VERDICT—EXCESSIVENESS—NEW TRIAL.

In an action for personal injuries, there was no evidence of any pecuniary loss caused to the plaintiff by the accident, in which his leg was broken, nor that before the accident he was in receipt of any wages, and no evidence of loss of wages by inability to perform labor. He did not allege that he was permanently injured, or that he was not at the time of suit as able to work as he ever was. He claimed to still suffer pains from the injury, but there was no evidence that the pains would be permanent, or that they interfered with his ability to work. *Held*, that an order granting a new trial on the ground that a verdict in favor of plaintiff for $5,000 was excessive was not an abuse of the discretion of the trial court.

Appeal from Trial Term, New York County.

Action by Frank Ross against the Metropolitan Street Railway Company and another. From an order setting aside a verdict and granting a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, IN-
GRAHAM, and LAUGHLIN, JJ.

Albert I. Sire, for appellant.
Bayard H. Ames, for respondents.

INGRAHAM, J.   The action was brought to recover for the in-
juries sustained by the plaintiff in falling into a depression in the
cross-walk at the corner of Tenth avenue and Little West Twelfth
street, in the city of New York.   The plaintiff, in crossing the
street, stumbled on the railroad track on Tenth avenue; and, as
he fell, in some way he caught his heel between the track and the
pavement, resulting in a fracture of his leg.   It seems that there
was a depression alongside of the track, that had existed for some
months before the accident.   The track at this point is the ordinary
T rail used by steam railroads, and not the ordinary track of a
street railroad.   The complaint alleges that:

"Each of the defendants have supervision over the rails above mentioned,
and of the public highway above mentioned between said rails, and to an
extent of about two feet on either side of the outer rails, and are under con-
tract and legal obligation to the city of New York and the public generally
to keep said rails and roadbed as aforesaid in good, safe, and proper condi-
tion."

The defendant the Metropolitan Street Railway Company, an-
swering this complaint, alleged that a street surface railroad is
operated in a portion of Tenth avenue pursuant to the provisions
of chapter 511, p. 1033, of the Laws of 1860, which franchises and
rights were owned by the Central Park, North & East River Rail-
road Company; that the said road demised and leased the fran-
chises and rights by a lease dated October 14, 1892, which said
lease is now held by the Metropolitan Street Railway Company,
but it denies that it owns the rails laid on Tenth avenue at or near
Little West Twelfth street, where the southern cross-walk crosses
Tenth avenue, but alleges that the said rails are owned, laid, and
maintained by the defendant the New York Central & Hudson
River Railroad Company.   The New York Central Railroad Com-
pany, in its answer, admits it controls and operates cars upon rails
laid in the public highway known as Tenth avenue, in the city of
New York; admits and alleges that the Metropolitan Street Rail-
way Company was at the time mentioned a domestic corporation
leasing the franchises and rights of the Central Park, North &
East River Railroad Company, in a portion of Tenth avenue, in the
city of New York, and that cars are operated on Tenth avenue
across Little West Twelfth street; and denies the other allega-
tions of the complaint, except the incorporation of the defendant
the New York Central & Hudson River Railroad Company, which
is admitted.   For a further, separate, and distinct defense, it al-
leges that the Central Park, North & East River Railroad Company
agreed to perform and discharge "all those acts and things with
respect to the paving on the tracks upon said Tenth avenue which
are required by ordinances to be done by this defendant, and that
the agreement is still in force," and that the plaintiff remised, re-

leased, and discharged the Metropolitan Street Railway Company from all causes of action which he might have against the Metropolitan Street Railway Company.

Upon the trial the plaintiff testified that, as he was crossing upon Tenth avenue and Little West Twelfth street, his foot slipped and went into a hole next to westerly rail of the westerly track; that the hole was about seven inches in depth, six or seven inches wide, and the width of a flagstone (about two feet); that his heel caught at the bottom of the track, and his foot slipped and caught right around at the bottom of the track, and that he then fell back and broke his leg; that he slipped off the rail into the hole; that the rail was four or five inches above the street, and was laid on cross-ties; that the ties were down below the surface of the street, covered by the pavements; that the ties were under the track, but that the paving stones are over them, covering up the ties, and this rut was alongside of the rail extending across the crosswalk; that there was a flange across the bottom of the rail, through which the rail was nailed to the cross-ties; and that it was under this flange that his foot was caught. There was also introduced in evidence an ordinance of the common council authorizing the New York Central & Hudson River Railroad Company to construct rails down Tenth avenue at this point, with an acceptance by the railroad company of the ordinance, and an agreement to comply with it. By this ordinance permission was granted to the railroad company to construct a double track of rails from Spuyten Duyvil creek, on Twelfth avenue, to near Sixty-Eighth street; then along Eleventh avenue to Thirty-Second street; thence to Tenth avenue, and down Tenth avenue to West street; and thence from West street to Canal street. The Hudson River Railroad Company was to grade, pave, and keep in repair a space of 25 feet in width in and about the tracks in all of the avenues and streets through which the said tracks were to be laid whenever the common council should deem the interest of the public to require such pavement to be done. The company was to lay such rail track through the avenues and streets as should be given by the street commissioner, and should conform their road to the grades of the avenues and streets through which it extended, and should lay their rails or tracks in the streets or avenues in such manner as to cause no unnecessary impediment to the common, ordinary use of the streets and all other purposes. There was also introduced in evidence an ordinance of the common council by which the Central Park, North & East River Railroad Company were authorized to lay, construct, maintain, operate, and use a railroad with a double or single track from the intersection of Tenth avenue and Fifty-Ninth street and along Tenth avenue into West Twelfth street, and through other streets in the city of New York. This ordinance also provided that in the construction, operation, and use of such railroads, "should the said parties above named or their assigns deem it necessary or proper to run upon, intersect or use any portion of any other railroad tracks now laid upon any of the streets or avenues above named, they are hereby permitted to run

upon, intersect and use the same." There was evidence tending to corroborate the testimony of the plaintiff as to the condition of the street alongside of this track, and as to the injuries sustained, and the plaintiff rested. Whereupon the defendants moved to dismiss the complaint, which motions were denied, and the defendants excepted. The defendants offered no testimony. The court submitted the question to the jury, who found a verdict for the plaintiff in the sum of $5,000. The defendants then moved to set aside the verdict and for a new trial upon all the grounds mentioned in section 999 of the Code of Civil Procedure, and the court granted that motion. The order recites that the motion was made by counsel for a new trial on all the grounds specified in section 999 of the Code, and especially on the ground that the verdict was excessive and contrary to the weight of evidence; and it was ordered that the motion to set aside the verdict on the ground that the same was excessive in amount "be, and the same is hereby, granted, and the said verdict is hereby set aside, and it is further ordered that upon all other grounds the said motion is hereby denied," and subsequently the plaintiff appealed from that order.

The plaintiff insists that, this order having been set aside upon the ground that the verdict was excessive, the plaintiff is entitled to have that order reversed if the court was not justified in setting it aside upon that ground, and that the other grounds of the motion cannot be considered. The motion having been made by the defendants upon all the grounds specified in section 999 of the Code, if the defendants are entitled to have the verdict set aside upon either of the grounds mentioned this court could not reverse the order, although the ground specified by the court as the ground upon which the motion was granted could not be sustained. If, for any of the reasons upon which the motion was made, the defendants were entitled to have the verdict set aside, the order must be affirmed. It seems to me quite clear that the motion of the defendant the Metropolitan Street Railway Company to dismiss the complaint as to it should have been granted; and, as there was an exception to a denial of the motion, and the motion to set aside the verdict was upon the exceptions, the order setting aside the verdict against the Metropolitan Street Railroad Company should be affirmed.

The negligence complained of, and which caused the injury to the plaintiff, was in allowing the cross-walk adjacent to a track upon which cars of both of these defendants were run to become so out of repair that the street was rendered unsafe for a person to use it with due care. There is no evidence that the track itself was not in good condition and reasonably safe. It is true, it extended a short distance above the pavement; but there is no evidence that it was not the ordinary track in use for cars of steam railroads, like the New York Central Railroad, or that it was not necessary for the use to which it was put by that road. There is evidence that the common council granted to the predecessor of the New York Central Railroad the right to lay its tracks upon Tenth avenue, imposing an obligation upon the Central Road to

pave and keep in repair a space of 25 feet in width in and about the tracks when the common council should require such pavement to be done; but this imposed no duty upon the Metropolitan Company to repair the pavement, or that it had anything to do with the tracks, except that its cars used them. It was under no obligation, either to the city or to the plaintiff, to repair the pavements or cross-walks, or to keep them in good repair; and it is apparent that the injury resulted to the plaintiff because of the condition of the cross-walk, for, if that had been in proper condition, the plaintiff's foot could not have been caught between the rail and the pavement. It was the existence of this hole in the cross-walk that caused the accident. So far as appears, neither the Metropolitan Company nor its grantors were under any obligation to keep this cross-walk in repair. There was no negligence, therefore, proved as against the Metropolitan Street Railway Company.

I am also inclined to think that the complaint against the New York Central & Hudson River Railroad Company should have been dismissed. The defendant was given the right by the ordinance to lay down rails and operate a railroad through this street, and it appears that it is now operating such road. It also undertook to pave the street when required by the common council of the city of New York. But there is no evidence that the common council ever determined that the interest of the public required that the street should be paved. To make these defendants liable for the injury that was sustained, it must be shown that some duty that devolved upon them had not been performed, or that this was a negligent performance of a duty that they owed to the public in general or to the plaintiff. If the injury had been caused by a defect in the track itself, or any appliance for the use of the road that had been constructed by either of the defendants in a public street, or if such structure or appliance had become out of repair and dangerous, there would then be a cause of action against the corporation who had laid the track or built the structure. But there was nothing of that kind. The track itself was in a proper condition, the injury having been caused by a hole in a cross-walk alongside of the track, which, so far as appears from this evidence, neither of the defendants was under any duty to keep in repair. We think, therefore, that, as the complaint should have been dismissed, the order of the court setting aside the verdict was proper, and must be affirmed.

Nor do we think that we would be justified in interfering with the order of the court based upon the ground assigned by the learned trial judge for granting the motion. The verdict was for $5,000. There was no evidence of any pecuniary loss caused to the plaintiff by reason of the accident, no evidence that before the accident he was in the receipt of any wages, and no evidence of loss of wages by his inability to perform labor. It is not alleged that plaintiff is permanently injured, or that he is not now as capable of work as he ever was. He claims still to suffer pain from the injury, but there is no evidence that these pains will be permanent or that they interfere with his ability to work. The court heard the testimony

of the plaintiff, and was much better able to judge of the truthful-
ness of his story as to his condition than we can be from this rec-
ord; and, as the court has found that the verdict was excessive, we-
are not disposed to interfere with the discretion that the court ex-
ercised.

It follows that the order appealed from must be affirmed, with
costs.   All concur.