Van Rensselaer street, and for the depreciation in the value of the buildings and machinery thereon, which were used in connection with and as a part of the plant and premises which did abut upon such street.

These conclusions leave for our consideration only the question as to whether the sum awarded was sufficient to compensate the appellant Hoefner for the damages sustained in the premises. From a careful examination of the evidence, we are not satisfied that the award made to the appellant Hoefner fairly compensated him for the damages which resulted to his property because of the improvement in question, and therefore have concluded that a new appraisal should be had before other commissioners. Under such circumstances we deem it unwise to point out or indicate the items which in our judgment should be increased, or to suggest, even approximately, what in our opinion the award should be, as we would not wish to in any manner influence the judgment of the commissioners who are to be appointed and whose duty it will be to determine the amount of the award, not only from the evidence which may be offered before them, but also from a personal inspection of the premises, which, under the law, they are required to make. But we think justice requires that the parties have an opportunity to retry the issues of fact relating to this piece of property, independent of the issues which relate to the many other parcels of land described in the petition.

Order appealed from reversed and report as to parcel No. 9 set aside, and the matter sent to other commissioners to be appointed at Special Term, with costs to the appellant Hoefner in case the award of the new commissioners appointed herein is in excess of the award from which this appeal is taken; if not, then such costs to be paid by the appellant Hoefner. All concur, except WILLIAMS and KRUSE, JJ., who dissent.

---

ROSS v. METROPOLITAN ST. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. December 28, 1906.)

1. STREET RAILROADS—STREETS—TRACK—DEFECTS—PERSONS LIABLE.

Plaintiff stepped on a railway track laid in a street. His foot slipped from the rail, which was defective, into a hole or rut in the crosswalk adjoining the rail, and went under the rail flange, breaking his leg. The track was owned by defendant railroad company, and defendant street car company was authorized to run street cars over the same, without any obligation to keep the track in repair or any right to interfere therewith. *Held*, that the street car company was not responsible either for the defect in the street or in the track.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 166–171; vol. 41, Railroads, §§ 817–823.]

2. RAILROADS—TRACKS IN STREET—DEFECTS—INJURIES TO PEDESTRIANS.

Where an injury to a pedestrian was proximately caused by a defect in a railroad track laid in the street, which track had negligently been allowed to become out of repair and dangerous, the railroad company owning and operating the track was answerable for the injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1247, 1248.]

3. DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.

Plaintiff's foot slipped under the flange of a railroad rail laid in a public street by reason of a defect in the rail, and his leg was so twisted as

to cause a fracture between the ankle and knee. *Held*, that a verdict against the railroad company for $15,000, which the trial court reduced to $9,000, was still grossly excessive, and should be reduced to $5,266.20.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 360.]

McLaughlin and Ingraham, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Frank Ross against the Metropolitan Street Railway Company and another. From a judgment for plaintiff and from an order denying defendant's motion for a new trial, they appeal. Reversed as to defendant the Metropolitan Street Railway Company, and affirmed on condition as against the New York Central & Hudson River Railroad Company.

See 93 N. Y. Supp. 679.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, HOUGHTON, and SCOTT, JJ.

Edward D. O'Brien, for appellant Metropolitan St. Ry. Co.
Charles C. Paulding, for appellant New York C. & H. R. R. Co.
Albert I. Sire, for respondent.

PATTERSON, P. J. Both defendants appeal from a judgment recovered against them in an action for damages for personal injuries alleged to have been sustained by the respondents through their negligence in maintaining a railway track, and a roadway immediately adjoining such track, in an unsafe and dangerous condition to pedestrians crossing the same.

It appeared in evidence that at about midnight on January 2, 1897, the plaintiff was crossing Tenth avenue at the crosswalk of Little Twelfth street in the city of New York. While so crossing, he stepped on the railway track on Tenth avenue and his foot slipped into a hole or rut in the crosswalk adjoining the rail and went under the flange of the rail. His leg was twisted and he was thrown to the ground in such a manner as to fracture the leg between the ankle and the knee. It was claimed by the plaintiff that the defendants were each of them domestic corporations, controlling and operating cars upon rails laid in the public highway on Tenth avenue; that each had supervision over the rails and was under legal obligation to keep the same and the highway near and immediately adjoining such rails in good repair and safe condition; that the defendants and each of them neglected so to maintain and keep the rails and highway in a safe condition, and, as a consequence of the unsafe condition of the rails and of the highway under it the plaintiff was injured. The plaintiff recovered a verdict against both defendants for the sum of $15,000, which was reduced at the trial to $9,000, and from the judgment entered upon the verdict and from an order denying a motion for a new trial both defendants appeal.

This is the second appeal in the action. Upon a former trial it appeared in evidence, and, indeed, the whole claim made was, that the cause of the accident from which the plaintiff suffered injuries was the existence of the hole in the crosswalk into which his foot slipped. It was held that neither of the defendants was liable for negligence

in allowing the highway adjoining its tracks to remain in an unsafe condition. In the opinion of the court on appeal, however, it was suggested that if the injury sustained by the plaintiff had been caused by a defect in the track itself, or any appliance for the use of the road that had been constructed by either of the defendants in a public street, or because such structure or appliance had become out of repair and dangerous, there would than be a cause of action against the corporation which had laid the track or built the structure. On the trial from which the pending appeal is taken the plaintiff introduced evidence to conform to that suggestion, and it was shown that the westerly rail upon which the plaintiff slipped was worn and abraded, and in consequence of that defective condition his foot slipped into the hole and was caught under the track, and he fell, and as he fell his leg snapped and was broken. There is nothing in this record to indicate that the Metropolitan Street Railway Company had any other relation to the track or roadway than that which was the subject of consideration on the former appeal. It is not shown that the Metropolitan Street Railway Company was responsible for a defect in the track, or that it did anything more than use the track, and it is not proven that it was under obligation to keep it in repair or had the right to interfere with it. So far as the Metropolitan Street Railway Company is concerned, the judgment must be reversed with costs.

A different question, however, is presented as to the liability of the other defendant. There is ample evidence of the fact that the rail on which the plaintiff slipped was in an unsafe condition. It is true that on the first trial no reference was made in the testimony to that condition, but it is alleged in the complaint that the most westerly rail on the downtown track was maintained in such an unsafe and improper condition that the said rail was raised and the highway depressed adjoining said rail, and that the heel of the plaintiff's shoe was caught under the rail as he slipped into the hole, which facts were fully proven on the second trial. It was evidently with reference to those allegations of the complaint that the suggestion above referred to in the opinion on the former appeal concerning the liability of the defendants or either of them was made. It is intimated that the testimony may have been the product of that suggestion of the court; but on the trial the judge presiding expressly charged the jury that the fact that the plaintiff and his witnesses did not testify at the first trial as to any alleged defect in the rail, and the probability that they may have given such testimony in order to fit the requirements of the case, might be considered as affecting their credibility. The unsafe condition of the rail was not testified to by the plaintiff alone, but by other witnesses as well. The complaint was evidently drawn with relation to such a situation. Counsel on the first trial undoubtedly relied upon the condition of the street and the duty of the defendants to maintain it in a safe condition as sufficient to impose liability upon them. As the subject of the credibility of the witnesses was fully laid before the jury and as strongly as requested by counsel, we cannot disturb the verdict on the ground that the aspect in which the case was last presented was a mere afterthought and subterfuge. We therefore think

that there was sufficient evidence to sustain a verdict against the New York Central & Hudson River Railroad Company.

It is plain, upon the whole evidence, that the jury took a most exaggerated view of the nature of the injuries sustained by the plaintiff and of what would be sufficient compensation to him. As stated, they returned a verdict of $15,000, which the judge directed should be reducted to $9,000. On the first trial the plaintiff recovered a verdict of $5,000, which was quite adequate as compensation. The verdict, even as reduced to $9,000, was grossly excessive, and the judgment must be reversed and a new trial ordered, unless the plaintiff stipulates to reduce it further and to $5,206.20, and, if such stipulation is given, the judgment will be affirmed against the New York Central & Hudson River Railroad Company at that amount, without costs to either party on this appeal.

The judgment against the Metropolitan Street Railway Company and the order denying its motion for a new trial will be reversed, and a new trial ordered as to it, with costs to said appellant to abide the event.

HOUGHTON and SCOTT, JJ., concur.

McLAUGHLIN, J. (dissenting). I dissent from so much of the opinion of the Presiding Justice as holds that the negligence of the New York Central & Hudson River Railroad Company was the cause of the plaintiff's injury. On the former appeal (Ross v. Metropolitan Street Railway Co., 104 App. Div. 378, 93 N. Y. Supp. 679) this court held, upon the evidence there set forth, that the injury resulted to the plaintiff because of the hole in the crosswalk, and if that had been in proper condition the plaintiff's foot could not have been caught between the rail and the pavement, and for that reason the order setting aside a verdict in favor of the plaintiff and granting a new trial was affirmed. On the new trial, which resulted in the judgment now appealed from, the trial court applied the law as laid down in our former decision and correctly charged the jury that, if they believed that the accident to the plaintiff "happened solely by reason of the hole or defect in the crosswalk, then the negligence was not that of the defendants or either of them, and the plaintiff could not recover." The evidence upon the last trial, as to the cause of the accident, was precisely what it was on the former trial, except there was some evidence that the westerly rail "was worn and abraded," and by reason thereof the plaintiff's foot slipped into the hole when he stepped upon the rail. But the railroad company had a right to lay its tracks where it did, and there is not the slightest evidence in the case to the effect that the rail was not in a proper condition for the purpose for which it was intended. It was not put down for the purpose of having pedestrians walk upon it, but for the purpose of running cars over. There was, therefore, no obligation resting upon the railroad company to see to it, so far as pedestrians were concerned, that the rail was not slippery or "abraded." Nor was its slippery or "abraded" condition the proximate cause of the injury. The proximate cause was the hole in the crosswalk, and for which the railroad company was not liable, accord-

ing to the charge of the trial court and the law, as declared by this court on the former appeal.

The judgment and order appealed from, therefore, should be reversed and a new trial ordered, as to both defendants.

INGRAHAM, J., concurs.