ANNIE REILLY, Respondent, *v*. ARTHUR W. CONNABLE,
Appellant.

**Motor vehicles — negligence — collision between automobile
and bicycle — owner of automobile not liable for injuries caused
by negligence of chauffeur using automobile for his own pur-
poses without owner's knowledge.**

A collision in which plaintiff was injured occurred between an
automobile owned by the defendant and a bicycle on which the
plaintiff was riding. At the time of the collision the chauffeur was
using defendant's automobile to go to market for himself. He had
frequently used the automobile in procuring supplies and doing
errands for himself, but without asking for or receiving the express
consent of, or any orders in that regard from, the defendant, who
had not forbidden such use, and the defendant did not know that
he was going to the market on this occasion. *Held*, that the fact
that the chauffeur caused the injuries during the period of his
employment does not make the defendant liable, and that at the
time of the accident he was not acting for the defendant or within
the scope of his employment; hence the defendant is not liable for
his negligence.

*Reilly* v. *Connable*, 156 App. Div. 920, reversed.

(Argued March 26, 1915; decided April 20, 1915.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered May 7, 1913, affirming a judgment in favor of
plaintiff entered upon a verdict.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*E. Clyde Sherwood* and *Amos H. Stephens* for appellant.
All the evidence in the case shows conclusively that at
the time of the accident the chauffeur was using the
automobile for his own private purposes, without the
knowledge or consent of the defendant; and the defend-
ant cannot be charged with liability for his negligence,

if any, while doing an act outside the defendant's business. (*Fox* v. *Vil. of Manchester*, 183 N. Y. 141; *Cosgrave* v. *Ogden*, 49 N. Y. 255; *King* v. *R. R. Co.*, 66 N. Y. 181; *Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543; *Wyllie* v. *Palmer*, 137 N. Y. 248; *Higgins* v. *Western Union Tel. Co.*, 156 N. Y. 75; *Fish* v. *Coolidge*, 47 App. Div. 159; *Stewart* v. *Baruch*, 103 App. Div. 577; *Clark* v. *Buckmobile Company*, 107 App. Div. 120; *Power* v. *Arnold Eng. Co.*, 142 App. Div. 401; *Cunningham* v. *Castle*, 127 App. Div. 580; *Maher* v. *Benedict*, 123 App. Div. 579; *Cavanagh* v. *Dinsmore*, 12 Hun, 465; *Heissenbuttel* v. *Meagher*, 162 App. Div. 752; *Douglass* v. *Hewson*, 142 App. Div. 166; *Cullen* v. *Thomas*, 150 App. Div. 475; 153 App. Div. 797; *Crowley* v. *Murray & Hill Co.*, 154 App. Div. 478; *Freibaum* v. *Brady*, 143 App. Div. 220.) Even if the defendant had given the chauffeur permission to take the car upon an errand of his own, the defendant would not be responsible. (*Hull* v. *Littauer*, 162 N. Y. 569; *Bank* v. *Weston*, 172 N. Y. 250; *Maher* v. *Benedict*, 123 App. Div. 579; *Molloy* v. *Whitehall Portland Cem. Co.*, 116 App. Div. 839.)

*Arthur J. Levine* for respondent. There was no error in the theory under which the case was submitted to the jury, and the exception to the charge relied upon by the appellant is not well taken. (*Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129; *Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543; *Craven* v. *Bloomingdale*, 171 N. Y. 439; *McDonald* v. *Met. St. Ry. Co.*, 167 N. Y. 66; *Wright* v. *Lawrence Cement Co.*, 167 N. Y. 441; *Cohen* v. *D. D., etc., R. R. Co.*, 69 N. Y. 170; *Sharp* v. *Erie R. R. Co.*, 184 N. Y. 100; *Dwinelle* v. *R. R. Co.*, 120 N. Y. 117; *Cunningham* v. *Castle*, 127 App. Div. 580; *Cosgrove* v. *Ogden*, 49 N. Y. 255; *Williams* v. *Koehler*, 41 App. Div. 426; *Dupree* v. *Childs*, 52 App. Div. 306; *Burns* v. *R. R. Co.*, 4 App. Div. 426; 169 N. Y. 585; *Wagar* v. *Hammond*, 183 N. Y. 387.) The testimony on defendant's

behalf was not conclusive of the issues, and did not entitle
the defendant to the direction of a verdict. (*Joy* v. *Dief-
endorf*, 130 N. Y. 6; *Baldwin* v. *Abraham*, 57 App. Div.
67; *Jaren* v. *Utica, etc., R. Co.*, 36 Hun, 115; *Hazman*
v. *H., etc., Co.*, 50 N. Y. 53; *Hull* v. *Littauer*, 162 N. Y.
569; *Second Nat. Bank* v. *Weston*, 172 N. Y. 250; *John-
son* v. *N. Y. C. & H. R. R. R. Co.*, 173 N. Y. 79.)

COLLIN, J.   The action is to recover the damages for
personal injuries to the plaintiff through a collision
between an automobile owned by the defendant and a
bicycle on which the plaintiff was riding.   Inasmuch as
the decision of the Appellate Division was not unanimous,
we must ascertain by a scrutiny of the evidence whether
or not there was any proof permitting the jury to return
a verdict in favor of the plaintiff.   If the verdict was
unsupported in an essential particular by evidence, the
submission of the case to the jury was error, reviewable
under the exceptions of the defendant.

The automobile was being driven by the employee or
chauffeur of the defendant.   Conflicting evidence in
regard to the negligence of the chauffeur and the con-
tributory negligence of the plaintiff would have war-
ranted the decision of the jury that the former was and
the latter was not negligent.   The negligence of the
chauffeur did not, however, create liability on the part of
the defendant unless the chauffeur was acting in the
course and within the scope of his employment.   Was
there any proof that he was so acting, is the question we
are to determine.

The jury might have found, in a consideration of this
question, as the facts most favorable to the plaintiff:
The chauffeur was at the time of the accident and had
been for about three months last prior to the accident, in
the general employ of the defendant, who lived in the
country.   He was paid a monthly salary and provided
with a house upon the defendant's premises, fuel and light

and such food supplies as were raised on those premises. All other supplies for his household he had to buy where he chose. His principal duties were caring for and operating the automobile, caring for the horses and cows and doing errands appertaining to the defendant's home. They were not confined within fixed hours. About four o'clock in the afternoon of the day on which the accident happened he arrived with the car, in which were the defendant and his wife, at the house of the defendant and was told by the defendant, after he and his wife had alighted, that he was through with him, but would need him at nine o'clock that evening to meet some friends at the train. He took the automobile to the garage, about five hundred feet from the house, intending to and was about to drive it in when his wife came from his home adjacent to the garage and told him to get some meat for their dinner. He thereupon started for the market, one and one-half miles distant, by turning the automobile around and driving back through defendant's yard to the street, upon which, while he was on his way to the market to get the meat for the dinner of himself and his wife, the collision occurred. He sometimes, prior to the accident, had bought articles for himself while he was driving the automobile with the defendant and his wife in it. He frequently had used the automobile in procuring supplies and doing errands for himself, but without asking for or receiving the express consent of or any orders in that regard from the defendant, who had not forbidden such use. The defendant did not know that he was going to the market. The question is, was it permissible for the jury to say, under those facts, that it was the defendant's business to go to the market to get the meat for the dinner of his chauffeur and his wife and was the chauffeur employed to do that business for him. The defendant was not negligent unless the going to the market was his act negligently done by him through the chauffeur as his agent or servant. The liability

of an employer for the negligence of his employee proceeds from the maxim, *qui facit per alium facit per se.* (*Engel* v. *Eureka Club*, 137 N. Y. 100; *Clark* v. *Fry*, 8 Ohio St. 358; *Farwell* v. *Boston & W. R. R. Co.*, 4 Metc. 49.) The fact that the automobile was the defendant's did not make him liable. If the chauffeur was doing the defendant's business which he was employed to do, the defendant would have been equally liable had the chauffeur while walking or running or riding a bicycle negligently have collided with the plaintiff to her injury. The fact that the chauffeur caused the injuries during the period of his employment does not make the defendant liable. If the employee in doing any act breaks the connection between himself and his employer, the act done under those circumstances is not that of the employer. Nor would the defendant's permission or acquiescence in the use by his chauffeur for the personal business or pleasure of the chauffeur make the defendant liable. The permission of defendant to the chauffeur to use the automobile for purposes personal to the chauffeur and in which the defendant had no interest did not make him liable to the plaintiff. We hold that the act of the chauffeur in going to the market for the meat was not for the defendant or within the scope of the employment of the chauffeur and the defendant is not liable for his negligence. This opinion is supported by the reasoning and conclusions of the following decisions:

In *Steffen, as Admr.*, v. *McNaughton* (142 Wis. 49) the plaintiff's intestate was struck and killed by an automobile owned by the defendant and operated by his chauffeur, who was alone in the car and was going to his home, one mile distant from defendant's residence, for dinner. The chauffeur was a regular employee and had full charge of the car under the direction of the defendant and his family. He had used the automobile many times to go to his dinners. He had not been directed or forbidden by his employer to use the car for such purpose and had no

express permission to use it. The trial court directed a verdict for the defendant. The Supreme Court affirmed this verdict and in the course of its opinion said:

" This contention (that the defendant was liable) is made on the grounds that the chauffeur used this machine to further his master's interests; that he thereby reduced the time for getting his meals and thus was able to devote more time to the service of the defendant; that the defendant gave him the control of the machine for the day without restriction, thereby enabling him to use it for this purpose; and that these and all the other conditions of his employment and service make the use of the machine on these occasions one within the privileges of his service for facilitating his labor and service, thus bringing it within the scope and course of his employment. We are of opinion that the facts of the case do not permit of this inference. The conditions of the contract of employment, under which the chauffuer was to provide himself with meals, carried with it the further condition that he was to have the required time at noonday, and might leave the service for such a period of time as was required under the circumstances for this personal and private purpose. While he was so engaged his employment and the relation of master and servant were suspended for the time being, unless the facts of the case show that the defendant consented to the chauffeur availing himself of this use of the machine to facilitate his labor and service and in furtherance of the defendant's interests. The evidence will not support this inference. It is reasonably clear and certain that the defendant by his words, acts, and conduct never gave consent or permission to, nor did the contract of employment authorize, such a use of the machine by the servant. The facts and circumstances fail to show that the chauffeur was performing an act in obedience to an order or direction of the defendant or a member of his family, or that he was doing something with the implied consent of the defendant. The law governing the lia-

bility of a master for the acts of the servant in this class of cases is embodied in the following comprehensive statement: 'For all acts done by a servant in obedience to the express orders or directions of the master, or in the execution of the master's business, within the scope of his employment, and for acts in any sense warranted by the express or implied authority conferred upon him, considering the nature of the services required, the instructions given, and the circumstances under which the act is done, the master is responsible.'"

In *Hartnett* v. *Gryzmish* (218 Mass. 258) the plaintiff was injured by a collision between the automobile of the defendant driven by his chauffeur and a bicycle upon which the plaintiff was riding. The chauffeur had taken the car from the garage at noon to go to his house for his dinner, had eaten his dinner and was going from his house to the house of the defendant in order to take out the defendant's mother when the collision occurred. The trial court ordered a verdict for the defendant and the Supreme Court affirmed the verdict and the judgment. The court said:

"It does not appear what were the terms of the contract between the defendant and Kravatz (the chauffeur). It is not contended by the plaintiff that Kravatz lived in the family of the defendant, or that the latter was to furnish the former with dinner. Indeed, the only fair inference from the testimony is that Kravatz, who lived at least more than a mile from the residence of the defendant, was to procure his own meals, and that the time required for that purpose should be his and not the defendant's. The case varies materially from *Reynolds* v. *Denholm*, 213 Mass. 576, and *McKeever* v. *Ratcliffe*, *ante* (218 Mass.), 17.

"If the evidence of the chauffeur as to the purpose for which he was driving the car at the time of the accident is to be believed, then the plaintiff has failed to show that he was at that time acting within the scope of his employ-

ment, but has shown rather that he was acting for his own private purpose."

In *Danforth* v. *Fisher* (75 N. H. 111) the plaintiff was injured through a collision between his horse and the defendant's automobile driven by his chauffeur. The chauffeur was directed to get his supper and be at the New City Hotel with the automobile at a designated hour. He ate his supper and then drove, for the purpose of calling upon a friend, a mile or two distant from his boarding place. At the time of the accident he had finished his call and was on his way to the hotel. The trial court nonsuited the plaintiff and the Supreme Court affirmed the judgment rendered thereon, and said:

"Although the evidence shows that McCauley (the chauffeur) was the defendant's servant, and that he drove the automobile against the plaintiff's horse and caused the animal to run away, it also shows that he took the automobile without the defendant's permission and went with it on an errand of his own — that he was acting for himself, and not for the defendant, at that time. As it cannot be found from the evidence that McCauley was doing what he was employed to do at the time the plaintiff was injured, there was no error in the order of non-suit."

For other recent and analogous decisions, in which the employer was held not liable as a matter of law, see *White Oak Coal Co.* v. *Rivoux, Admr.* (88 Ohio St. 18); *Lotz* v. *Hanlon* (217 Penn. St. 339); *Sanderson* v. *Collins* ([1904] 1 King's Bench, 628); *Doran* v. *Thomsen* (76 N. J. L. 754); *Way* v. *Powers* (57 Vt. 135); *Maddox* v. *Brown* (71 Me. 432); *Fiske* v. *Enders* (73 Conn. 338); *Jones* v. *Hoge* (47 Wash. 663); *Sweeden* v. *Atkinson Improvement Co.* (93 Ark. 397); *Northrup* v. *Robinson* (33 R. I. 496); *Heissenbuttel* v. *Meagher* (162 App. Div. 752); *Slater* v. *Advance Thresher Co.* (97 Minn. 305); *Colwell* v. *Ætna Bottle & Stopper Co.* (33 R. I. 531).

I think the present case falls within the principles of those decisions.

38

For recent cases in which the courts have held that the questions as to whether or not the employee was acting in the course and within the scope of his employment were for the jury, see *McKeever* v. *Ratcliffe* (218 Mass. 17); *Reynolds* v. *Denholm* (213 Mass. 576); *Donnelly* v. *Harris* (107 N. E. Rep. [Mass. Dec. 31, 1914] 435); *Moon* v. *Matthews* (227 Penn. St. 488); *Symington* v. *Sipes* (121 Md. 313); *Sina* v. *Carlson* (120 Minn. 283); *Fielder* v. *Davison* (139 Ga. 509); *Carrier* v. *Donovan* (89 Atl. Rep. [Conn. Mar. 5, 1914] 894).

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK and HOGAN, JJ., concur; CARDOZO, J., not voting; SEABURY, J., absent.

Judgment reversed, etc.