### BOGORAD v. DIX.

(Supreme Court, Appellate Term, First Department. May 19, 1916.)

MASTER AND SERVANT ☞302(2)—INJURY TO THIRD PERSON—LIABILITY—DANGEROUS MACHINERY.

The owner of a dangerous machine, placed by him in the custody or in the control of an employé, is liable for all damages resulting to others through its use by such employé, when authorized or permitted by the employer, whether the immediate object of such use is for the benefit of the employer or the employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1218, 1219; Dec. Dig. ☞302(2).]

Whitaker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Mary Bogorad, an infant, by Jennie Bogorad, her guardian ad litem, against Jacob J. Dix. From an order setting aside the verdict of a jury in favor of plaintiff and granting a new trial, plaintiff appeals. Order reversed, and judgment reinstated.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Chas. S. Rosenthal, of New York City (Leonard F. Fish, of New York City, of counsel), for appellant.

Walter G. Evans, of New York City (Walter R. Kuhn, of Brooklyn, of counsel), for respondent.

GUY, J. While recognizing the full force of the decision in Reilly v. Connable, 214 N. Y. 586, 108 N. E. 853, L. R. A. 1916A, 954, Ann. Cas. 1916A, 656, and the other authorities cited in the opinion of the learned trial judge herein, I am constrained to vote for reversal to express my belief that the protection of the public and the doing of substantial justice require that the owner of a dangerous machine placed by him in the custody, or under the control, of one of his employés, shall be held liable for all damage resulting to others through its use by such employé, when sanctioned, authorized, or permitted by the employer, whether the immediate object of such use is for the benefit of the employer or the employé. It may be that such desired end can only be accomplished by legislative enactment; but I am convinced that the ends of justice require that the law should be so established.

Order reversed, with $30 costs, and judgment reinstated.

COHALAN, J., concurs. WHITAKER, J., dissents.