(95 Misc. Rep. 591)

FREEMAN v. HYMAN.

(Supreme Court, Appellate Term, First Department. June 23, 1916.)

1. MASTER AND SERVANT ⬦⟹332(2)—LIABILITY OF AUTOMOBILE OWNER FOR NEGLIGENCE OF DRIVER—SCOPE OF EMPLOYMENT—JURY QUESTION.

Notwithstanding uncontroverted testimony of automobile driver that he was not using the car in his employer's business, but in his own, at the time plaintiff was injured, the presumption of liability from ownership of the car requires that the issue should be submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1275; Dec. Dig. ⬦⟹332(2).]

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. APPEAL AND ERROR ⬅️854(6)—NEW TRIAL—REVIEW—PROPER ORDER FOR
ERRONEOUS REASONS.
    Where an order granting a new trial on one ground is erroneous, but
an examination of the record discloses other grounds for granting a new
trial, the order will not be disturbed.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3423,
3424; Dec. Dig. ⬅️854(6).]

3. MASTER AND SERVANT ⬅️330(3)—NEGLIGENCE OF SERVANT—SUFFICIENCY
OF EVIDENCE.
    Evidence held insufficient to establish negligence of defendant's chauf-
feur in a collision in which plaintiff was injured.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1272;
Dec. Dig. ⬅️330(3).]

Appeal from Municipal Court, Borough of Manhattan, Fourth
District.

Action by Mary Freeman against Samuel Hyman. From an order
granting defendant a new trial, plaintiff appeals. Affirmed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Mordecai P. Springer, of New York City, for appellant.

Julian S. Eaton, of New York City (Martin B. Faris, of New York
City, of counsel), for respondent.

BIJUR, J. Plaintiff sued for the loss of services of her infant
child, owing to his being injured by defendant's automobile. The sole
testimony as to the control of the automobile was that of defendant's
witness, his chauffeur. It appears that, while the machine was owned
by the defendant, his occasional chauffeur was a garage keeper, who
frequently drove him mornings and evenings, but not afternoons.
On this afternoon, as the chauffeur testified, he had express permis-
sion to drive the car on his own business, and was doing his own
errands around town in it when the accident happened. The order
setting aside the verdict recites:

"Judgment set aside upon defendant's exception to refusal of motion to
direct verdict for defendant, as I have concluded such direction should have
been given as a matter of law. Reilly v. Connable, 214 N. Y. 586 [108 N. E.
853, L. R. A. 1916A, 954, Ann. Cas. 1916A, 656]."

[1] The learned judge below had, at the request of the plaintiff,
charged the jury, without exception from defendant's counsel, that
they might draw an unfavorable inference from defendant's failure
to testify at all. There was thus present in this case, not only the
presumption arising from the ownership of the automobile, which in
Ferris v. Sterling, 214 N. Y. 249, 253, 108 N. E. 406, was held to be
sufficient to require submission of the issue of control to the jury, but
there was the additional consideration of defendant's total absence.
The testimony of the chauffeur, moreover, was merely in the most
general terms: "I had to go to Flushing on some business of myself."
In Reilly v. Connable, 214 N. Y. 586, 108 N. E. 853, L. R. A. 1916A,
954, Ann. Cas. 1916A, 656, relied on by the court below, it is quite
evident that the decision is based on the consideration of the legal
effect of the testimony of the defendant's witnesses alone, the same

having been accepted as the true version of the accident, and no point was made of the weight to be attached to the presumption of ownership. There is nothing in that case to weaken the application of the rule firmly established in the Ferris Case.

[2] The learned judge below, therefore, was in error in concluding that he should have directed a verdict in favor of defendant as matter of law. Although, therefore, the reason for setting aside the verdict was incorrect, we must nevertheless examine the record to ascertain whether the result reached was not just (Ross v. Met. Co., 104 App. Div. 378, 93 N. Y. Supp. 679), for, if it was, the order must nevertheless be affirmed.

[3] Defendant moved to dismiss the complaint at the close of plaintiff's case, and renewed the motion at the conclusion of the entire case, and took due exception to the refusal. The ground alleged was that plaintiff had failed to prove any negligence. The motion should have been granted. Plaintiff's son testified:

That he looked both ways before he crossed the street, and saw no automobile; that he kept on looking, and there was nothing in sight for several blocks. "I stepped down from the curb, and kept looking up and down, and was just going to step on the opposite curb, when I was struck. Q. Where were you knocked to? A. I cannot tell you. Q. You do not remember anything after that? A. Only when the policeman put me in the automobile."

A companion, another boy, testified to the same effect, and added that he did not see defendant's automobile until after the accident, about half a block away. Defendant's chauffeur was asked:

"Q. Did you see these boys in front of you in the street? A. No, sir; not in front of me. * * * Q. Did you strike this boy with the front part of your car? A. I did not know that he was hit until I heard this woman hollering and telling me to stop"—at which he stopped at once and went back.

There is in all this not the slightest suggestion as to the manner in which the accident happened, and certainly no foundation for claiming that the defendant's chauffeur was guilty of negligence. Indeed, the plaintiff's brief does not even now point out in what respect it is claimed that the chauffeur was negligent.

Were it possible in the state of the record to dismiss the complaint, we should do so; but, as the record stands, the order setting aside the verdict and granting a new trial is affirmed, with $25 costs to the respondent to abide the event. All concur.