JAMES P. DONNELLY, as Administrator, etc., of GEORGE F. DONNELLY, Deceased, Respondent, *v*. THOMAS B. YUILLE, Appellant.

First Department, May 27, 1921.

**Motor vehicles — action for death of child — owner not liable where accident occurred while chauffeur was using automobile for his own purposes — erroneous charge as to whether chauffeur engaged in master's business.**

The defendant, the owner of an automobile, was not liable for the death of plaintiff's intestate, a child between twelve and thirteen years of age, where it appeared that on the day of the accident the defendant's chauffeur, after driving the defendant from his place of business to his home, drove the automobile to the garage where he was informed that he was wanted at his home, and that he then proceeded from the garage to his own home and while turning the car around in the street on which he lived, he ran over the plaintiff's intestate, causing his death.

It was error for the court to so charge the jury that it might find that at the time of the accident the chauffeur was engaged in the business of the defendant, for there was nothing in the evidence that would warrant the inference that the use of the machine would in any way facilitate or expedite his master's service.

APPEAL by the defendant, Thomas B. Yuille, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 13th day of May, 1920, on the verdict of a jury for $6,000, and also from an order entered in said clerk's office on the 19th day of May, 1920, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Clarence S. Zipp* of counsel [*Benjamin C. Loder,* attorney], for the appellant.

*Arthur A. Henning,* for the respondent.

PAGE, J.:

This is a statutory action (Code Civ. Proc. § 1902 *et seq.*) brought by an administrator to recover damages for negligently causing the death of a boy between twelve and thirteen years of age. There is very little conflict in the evidence as to the facts in this case. Briefly stated, they are as follows:

The defendant was the owner of a Cadillac limousine automobile, and John J. Nash was in his employ as chauffeur. On the day in question the chauffeur drove the defendant from his place of business to his home at the corner of Fifty-fifth street and Park avenue, where they arrived at about six-thirty P. M. Nash then drove to the garage at Park avenue and Fifty-ninth street, where he was informed that there was a message on the bulletin board for him. He left the car on the floor of the garage and went into the office and read, " Nash, come home," or " Nash, you are wanted home." He then entered the car, backed out of the garage and proceeded to his home, which was at 443 East One Hundred and Thirty-fourth street in the borough of The Bronx, arriving there between seven-twenty and seven-thirty. There were boys, among whom was the plaintiff's intestate, playing games upon the sidewalk. As they were about to cross from the south to the north side of the street, Nash drove into the block. They waited for him to pass, but he turned his car around. The street being narrow, he had to back and start ahead, back again and start ahead. When he had done this, the boys, thinking he had come to a stationary position,

crossed over behind him within a short distance of the rear of the automobile. All had crossed safely but two. When plaintiff's intestate was behind the car, the chauffeur suddenly backed up without warning, according to plaintiff's witnesses. The boy caught hold of one of the extra wheels carried on the back of the car, and attempted to pull himself up. The wheel, being loose, swung around with him, and he was thrown beneath one of the rear wheels and the car stopped, resting on his body. A postman called to the chauffeur and he started the car forward, the boy got up, took a few steps and fell, and shortly died.

Upon this evidence we would not interfere with the verdict of the jury either in the finding of the fact of the chauffeur's negligence or the freedom from contributory negligence on the part of the plaintiff's intestate. Upon the issue of the chauffeur at that time being engaged in the defendant's business or acting within the scope of his employment, I am of opinion that the verdict is not only contrary to the weight of the evidence, but contrary to the law applicable to the case.

Nash was going to his home on an errand of his own, in no manner connected with his employer's business or affairs. His testimony was corroborated by the uncontroverted testimony of several other witnesses. When interrogated by a clerk in the employ of plaintiff's attorney shortly after the accident, he stated that he had permission to use the car to go home when he worked nights. Giving this testimony full credence, still under the rule laid down in *Reilly* v. *Connable* (214 N. Y. 586, 590), which case in this regard is very similar to the case under consideration, the defendant could not be held liable. The court said: " The fact that the chauffeur caused the injuries during the period of his employment does not make the defendant liable. If the employee in doing any act breaks the connection between himself and his employer, the act done under those circumstances is not that of the employer. Nor would the defendant's permission or acquiescence in the use by his chauffeur for the personal business or pleasure of the chauffuer make the defendant liable."

The court charged the jury: " You have a right to ask yourselves the question, if the chauffeur were dismissed temporarily at half-past six and directed to return at half-past

eight and had the consent of the defendant to use the car to go to his home that evening, and it was necessary for the chauffeur to go to his home, and in order to return to his employer at half-past eight, he had to take the car, is it fair to infer that he was engaged in his master's business? You have a right to ask yourselves that question, and to put the question in all of its various phases to one another, and conscientiously determine on all of the evidence in the case, whether or not the chauffeur was engaged in the defendant's business. If he were, of course, under the law, the defendant is chargeable with whatever the chauffeur did."

The defendant excepted to this charge, and it was clearly erroneous. (*Reilly* v. *Connable, supra.*) In the *Reilly* case the chauffeur was ordered to return at nine o'clock, and the court said: "The fact that the chauffeur caused the injuries during the period of his employment does not make the defendant liable." In the instant case the chauffeur went home to get a registered letter. The excuse for taking the machine instead of taking a slower conveyance was not even that he could thus get his dinner and return in time for his evening appointment. It was because his wife was then pregnant and liable to be confined, and Nash thought the call was because of her condition. There was nothing in the evidence that would warrant the inference that the use of the machine would in any way facilitate or expedite his master's service.

The judgment should be reversed, with costs to the appellant, and the complaint dismissed, with costs to the defendant.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.