PHŒBE A. VAN BLARICOM, as Administratrix of the Estate of ALLAN B. VAN BLARICOM, Appellant, *v* FRANK L. DODGSON, Respondent, Impleaded with Another.

**Principal and agent — motor vehicles — when an adult son occasionally permitted to use for his own purposes an automobile kept by his father for family use is not the agent of the father.**

1. The question whether one person is the agent of another in respect to some transaction is to be determined by the fact that he represents and is acting for him rather than by the consideration that it will be inconvenient or unjust if he is not held to be his agent.

2. Defendant kept a car for family use, whether for pleasure or convenience, and permitted his adult son from time to time to use the same for his individual accommodation. On the occasion in question the son, unaccompanied by any other members of the family, and pursuing solely and exclusively his own pleasure and not any object of family entertainment or convenience, took the car and so negligently operated it as to kill plaintiff's intestate. There is no claim that he was ignorant of or generally unskilled in the management of an automobile. Under such circumstances the defendant was not the principal of the son so as to be responsible for his negligent conduct under the ordinary rules of agency.

*Van Blaricom* v. *Dodgson*, 170 App. Div. 935, affirmed.

(Argued December 11, 1916; decided February 27, 1917.)

APPEAL from a judgment, entered July 9, 1915, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department reversing as to the respondent herein a judgment in favor of plaintiff entered upon a verdict and directing as to him a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Percival D. Oviatt* for appellant. A son, a member of the father's immediate family, operating with his father's consent an automobile owned by the father and purchased and maintained for the pleasure and benefit of his family, is a servant of the father acting within the scope of his authority, where the machine is being operated for the benefit of a member of his family, though it be for the benefit of the operator himself. (*Birch* v. *Abercombie*, 133 Pac. Rep. 1020; *Keyser* v. *Van Nest*, 146 N. W. Rep. 1091; *Dailey* v. *Maxwell*, 152 Mo. App. 415; *Marshall* v. *Taylor*, 168 Mo. App. 240; *Hayes* v. *Hogan*, 165 S. W. Rep. 1125; *Davis* v. *Littlefield*, 81 S. E. Rep. 487; *Hiroux* v. *Baum*, 137 Wis. 197; *McNeal* v. *McKain*, 33 Okla. 449; *Stowe* v. *Morris*, 147 Ky. 386; *Winn* v. *Haliday*, 69 So. Rep. 685; *Smith* v. *Jordan*, 97 N. E. Rep. 761.)

*Cogswell Bentley* for respondent. Defendant Frank L. Dodgson is not liable for the manner in which his adult son used his automobile when engaged in driving himself alone on his own private purposes of pleasure and recreation, even though the automobile was bought by the said defendant as head of the household, to be used by the members of his household in general, in such manner as they chose. (*Heissenbuttel* v. *Meagher*, 162 App. Div. 752; *Tanzer* v. *Read*, 160 App. Div. 584; *Maher* v. *Benedict*, 123 App. Div. 579; *Towers* v. *Errington*, 78 Misc. Rep. 297; *Roberts* v. *Schanz*, 83

Misc. Rep. 139; *Stewart* v. *Baruch,* 103 App. Div. 577; *Clark* v. *Buckmobile Co.,* 107 App. Div. 120.) Upon principle, the mere fact that a father buys and maintains an automobile for the use of his own household when and as the members of the household please, does not, without more, render the father liable for the manner of its use by an adult son while the latter is engaged on his own private purposes of pleasure and recreation. (*Doran* v. *Thomsen,* 76 N. J. L. 754.)

HISCOCK, Ch. J.  The respondent had a family consisting of his wife, a married daughter and son-in-law and an adult son, all of whom resided with him.  He was also the owner of an automobile which he " had purchased for the pleasure of the members" of his family and himself and which car his wife drove from time to time " for her pleasure " as his son " also did."  Said son also drove the car in taking out the daughter and her husband and " the car was used for the entertainment of the members of the family and defendant's (your) guests." Interpreted in the light of ordinary experience this evidence means that respondent kept the car for family use, whether of pleasure or convenience, and that he permitted his son from time to time to use the same for his individual accommodation.

On a given occasion the son unaccompanied by any other members of the family and pursuing solely and exclusively his own pleasure and not any object of family entertainment or convenience, took the car and so negligently operated it as to kill plaintiff's intestate. There is no claim that he was ignorant of or generally unskilled in the management of an automobile, and the question is whether under such circumstances the respondent was so the principal of the son as to be responsible for his negligent conduct under the ordinary rules of agency. We may assume for the purposes of this discussion that if

8

the son had been driving the car while containing other members of the family, for their convenience, he might be regarded as so carrying out the purposes of his father and for which the car was maintained, as to be the agent of the latter and to make him liable for negligence. If the owner of a car directly or indirectly causes some one, whether his son or hired chauffeur, to drive the same for the benefit of members of his family, it is familiar law that such driver may become the agent of the owner, and several of the decisions cited by appellant, such as *Smith* v. *Jordan* (97 N. E. Rep. [Mass.] 761); *Missell* v. *Hayes* (91 Atl. Rep. [N. J.] 322), might be accepted on such a theory.

The proposition of liability urged in this case, however, goes further. It asserts that the father is liable for negligence in the management of his automobile by an adult son when the latter is pursuing his own exclusive ends absolutely detached from accommodation of the family or any other member thereof. On its face a proposition seems to be self-contradictory which asserts that a person who is wholly and exclusively engaged in the prosecution of his own concerns is nevertheless engaged as agent in doing something for some one else. It has always been supposed that a person who was permitted to use a car for his own accommodation was not acting as agent for the accommodation of the owner of the car. (*Reilly* v. *Connable*, 214 N. Y. 586.) The attempt is made, however, to reconcile these apparently contradictory features of this proposition by the assertion that the father had made it his business to furnish entertainment for the members of his family and that, therefore, when he permitted one of them to use the car, even for the latter's personal and sole pleasure, such one was really carrying out the business of the parent and the latter thus became a principal and liable for misconduct.

This is an advanced proposition in the law of principal and agent, and the question which it presents really

resolves itself into the one whether, as a matter of common sense and practical experience, we ought to say that a parent who maintains some article for family use and occasionally permits a capable son to use it for his individual convenience ought to be regarded as having undertaken the occupation of entertaining the latter and to have made him his agent in this business, although the act being done is solely for the benefit of the son. That really is about all there is to the question. Not much can be profitably said by way of amplification or in debate of the query whether such a liability would rest upon reasonable principles or whether it would present a case of such theoretical and attenuated agency, if any, as would be beyond the recognition of sound principles of law as they are ordinarily applied to that relationship. The question largely carries on its face the answer, whichever way to be made. Unquestionably, an affirmative answer has been given by the courts of some states. (*Birch* v. *Abercrombie*, 74 Wash. 486; *Marshall* v. *Taylor*, 168 Mo. App. 240; *Hays* v. *Hogan*, 180 id. 237; *Davis* v. *Littlefield*, 81 S. E. Rep. [So. Car.] 487; *Griffin* v. *Russell*, [Ga. Sup. Ct.] L. R. A. [1916 F.] 216.) But it seems to us that such a theory is more illusory than substantial, and that it would be farfetched to hold that a father should become liable as principal every time he permitted a capable child to use for his personal convenience some article primarily kept for family use. That certainly would introduce into the family relationship a new rule of conduct which, so far as we are aware, has never been applied to other articles than an automobile. We have never heard it argued that a man who kept for family use a horse or wagon or boat or set of golf sticks had so embarked upon the occupation and business of furnishing pleasure to the members of his family, that if some time he permitted one of them to use one of those articles for his personal enjoyment, the latter was engaged in carrying out not

his own purposes, but, as agent, the business of his father.

It seems to us that the present theory is largely due to the thought that because an automobile may be more dangerous when carelessly used than any of the other articles mentioned, there ought to be a larger liability upon the part of the owner, and, to this end, an extension of the doctrine of principal and agent in order properly to safeguard its use. Thus in *Hays* v. *Hogan* (180 Mo. App. 237) it is said: "We think that when an automobile * * * is being used by another member of the family than the owner, but with the owner's consent, that he should not be heard to say that such other is not his agent or servant. No dangerous rule is thus established, but one in harmony with and conducive to the proper recognition of the legislative enactment." And in *Birch* v. *Abercrombie* (74 Wash. 486) it is said: "We think that, both on reason and authority, the daughter in the present instance should be held the agent of her parents * * *. Any other view would set a premium upon the failure of the owner to employ a competent chauffeur to drive an automobile kept for the use of the members of his family * * *. The adoption of a doctrine so callously technical would be little short of calamitous."

And in the present case it is in effect argued that because the use of an automobile upon a highway may be dangerous, and, therefore, is a privilege subject to license by the state, the courts can apply a different rule of agency to its use than would or could be applied to the case of the other articles which have been mentioned. This kind of argument, as it appears to us, discloses the novelty and weakness of the proposition which is being urged upon us. It seems to disclose the idea, as an essential part of the argument, that because an automobile is different than a horse or boat, some advanced rules ought to be applied to its use. But the rules of principal and agent are not thus to be formulated. They are believed

to be constant and not variable in response to the supposed exigencies of some particular situation. The question whether one person is the agent of another in respect of some transaction is to be determined by the fact that he represents and is acting for him rather than by the consideration that it will be inconvenient or unjust if he is not held to be his agent. If, contrary to ordinary rules, the owner of a car ought to be responsible for the carelessness of every one whom he permits to use it in the latter's own business, that liability ought to be sought by legislation as a condition of issuing a license rather than by some new and anomalous slant applied by the courts to the principles of agency.

These views, which seem to us to be supported by principle and reason, also find authority directly and indirectly in the following decisions: *Heissenbuttel* v. *Meagher* (162 App. Div. 752); *Farthing* v. *Strouse* (172 id. 523); *Tanzer* v. *Read* (160 id. 584); *Maher* v. *Benedict* (123 id. 579); *Doran* v. *Thomsen* (76 N. J. L. 754); *Cohen* v. *Meador* (89 S. E. Rep. [Va. Supreme Court of Appeals] 876); *Parker* v. *Wilson* (179 Ala. 361); *McFarlane* v. *Winters* (155 Pac. Rep. [Utah Supreme Court] 437); *Johnston* v. *Cornelius* (159 N. W. Rep. [Mich. Supreme Court] 318); *Smith* v. *Jordan* (211 Mass. 269); *Campbell* v. *Arnold* (219 Mass. 160).

We think the judgment appealed from should be affirmed, with costs.

CHASE, COLLIN, CUDDEBACK, HOGAN; CARDOZO and POUND, JJ., concur.

Judgment affirmed.