MAY FALLON, Respondent, *v.* CLINTON G. SWACKHAMER, Appellant, Impleaded with Another. *1*

**Negligence — motor vehicles — when owner of automobile not liable to person injured by his car while being used by another.**

1. An owner who gratuitously loans his car to a servant or even to a member of his family for such person's own particular pleasure or business is not liable for an accident thereafter happening. The person driving, whether the servant or agent or as a member of the family, must at the time be engaged in the owner's business or purpose to render him liable.

2. Where an employee who was also a brother-in-law of defendant, and a guest at his house, took defendant's car, without his knowledge, to take the mother-in-law of defendant home and afterward took other guests of defendant for a ride and while so using the car collided with another car in which plaintiff was riding, causing the injuries for which this action is brought, and the only evidence in behalf of the plaintiff is the presumption which arises from defendant's ownership of the car, he is not liable.

*Fallon* v. *Swackhamer,* 179 App. Div. 909, reversed.

(Argued April 23, 1919; decided June 3, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered September 21, 1917, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles A. Dryer* for appellant. All the evidence in the case proves conclusively that at the time of the accident the operator of defendant's automobile was using it for his own private purposes, without the knowledge or consent of appellant, and appellant cannot be charged with liability for his negligence, if any, while in the performance of an act outside appellant's business. (*Ferris* v. *Sterling*, 214 N. Y. 249; *Kellogg* v. *Church Charity Foundation*, 203 N. Y. 191; *Reilly* v. *Connable*, 214 N. Y. 586; *Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435; *Potts* v. *Pardee*, 220 N. Y. 434; *Rose* v. *Balfe*, 223 N. Y. 486; *Johnson* v. *N. Y. C. & H. R. R. R. Co.*, 173 N. Y. 79; *Second National Bank* v. *Weston*, 172 N. Y. 250; *Hull* v. *Littauer*, 162 N. Y. 569; *Lomer* v. *Meeker*, 25 N. Y. 361; *Molloy* v. *Whitehall Portland Cement Co.*, 116 App. Div. 839.)

*Jerome A. Peck* and *Harry Greenberg* for respondent. The defendant Swackhamer is liable for the negligence of Haight, the driver of his car. (*Ferris* v. *Sterling*, 214 N. Y. 249; *Gulliver* v. *Blauvelt*, 14 App. Div. 523; *Ellwood* v. *Western Union Tel. Co.*, 45 N. Y. 549; *Homegar* v. *Wettstein*, 94 N. Y. 252; *Munos* v. *Wilson*, 111 N. Y. 295; *Maher* v. *Benedict*, 123 App. Div. 579.)

CRANE, J. The plaintiff has recovered a verdict against the defendants for injuries received in an automobile collision at the intersection of Fisher avenue and Orawaupum street in the city of White Plains, New York, on Sunday the seventh day of July, nineteen

hundred and twelve. The judgment has been affirmed by the Appellate Division of the second department, two justices dissenting. The defendant Clinton G. Swackhamer, who is the only appellant, was the owner of the car which, at the time of the accident, was being driven by his brother-in-law, Oscar Haight, the other defendant. The only question presented is whether there is any evidence to·sustain the finding that Haight was driving the automobile for and on behalf of the defendant Swackhamer, and while engaged in his business. In our opinion the evidence warrants no such conclusion.

On the day in question, guests had come to Swackhamer's house in White Plains for dinner which had been prepared by his wife and Mrs. Mary Haight, his mother-in-law. After dinner Mrs. Haight asked Swackhamer to take her home in his car which at that time was standing in the street in front of the house. She lived some blocks away. Swackhamer replied that he could not do so as he was obliged to go at once to Rye Beach, and then proceeded upstairs to wash and dress himself. In his absence, Mrs. Haight turned to her son, the defendant, Oscar Haight, and asked him if he would drive her home. Haight worked for Swackhamer in the coal business in White Plains, and had at times run the defendant's car from the shed in the coal yard to the office and at other times had taken the wheel while the defendant was giving him operating instructions. He was not the defendant's chauffeur but an assistant yard foreman with no work or employment, whatever, in his occupation on Sundays. Haight was present at the Sunday gathering in his brother-in-law's house as a guest and not as an employee engaged in the business of his employer.

Responding to this personal request of his mother, Haight proceeded to take her to the car in order to drive her home. He was asked by another guest, Henry B. Jones, where he was going and if he, Jones, could go along too. Jones thereupon invited two young ladies,

Miss Gerrard and Miss Murray, who were sitting upon the porch with him and were also guests at the house, to take a ride. Haight left his mother at her house and then at the suggestion of Jones ran down to Hartsdale through Greenacres, a distance of a mile and a half or more, and when returning collided with the car in which the plaintiff was riding at the intersection of the streets above mentioned. The defendant Swackhamer testified that he knew nothing about his car being taken by Haight until after the accident, that he did not authorize him to take these people out for a ride, and in this he is supported by Oscar Haight and likewise by Mrs. Mary Haight, his mother-in-law.

Should we consider Swackhamer and these relatives interested witnesses, yet we have the testimony of Henry B. Jones, a passenger conductor on the New York Central railroad, and of the young ladies, Violet Gerrard and Dorothy Murray, to corroborate them.

By positive, unshaken testimony from six witnesses, not in the least improbable, suspicious or inconsistent with any uncontradicted fact in the case, it is shown that Haight drove the car on this Sunday afternoon for purposes of his own and not at the request of the owner or upon the owner's business. Under such circumstances Swackhamer is not liable.

The only evidence in behalf of the plaintiff is the presumption which arises from the ownership of the car, but as has been stated by this court such presumption continues only so long as there is no substantial evidence to the contrary. (*Potts* v. *Pardee,* 220 N. Y. 431; *Rose* v. *Balfe,* 223 N. Y. 481; *Reilly* v. *Connable,* 214 N. Y. 586; *Kellogg* v. *Church Charity Foundation,* 203 N. Y. 191.) *Ferris* v. *Sterling* (214 N. Y. 249) is in accordance with this principle as in that case the evidence offered by the defendant was unsatisfactory, contradictory and, in view of conceded facts, decidedly suspicious; the presumption in the plaintiff's behalf was not there

overcome by substantial evidence, but rather it was supported by the nature of the defendant's business, the circumstances and relationship.

Even if it could be fairly presumed from the evidence that Haight had Swackhamer's consent to take his car for the purpose of taking his mother home this would not be sufficient to make the latter liable. An owner who gratuitously loans his car to a servant or even to a member of his family for such person's own particular pleasure or business is not liable for an accident thereafter happening. The person driving, whether the servant or agent as a member of the family, must at the time be engaged in the owner's business or purpose to render him liable. The son certainly was as much interested in his mother's welfare as the son-in-law, and the inference should not be drawn that the son-in-law was more anxious to have her leave his house than the son was to comply with her request to take her home. When, therefore, Haight, at the request of his mother, took her in Swackhamer's car to her house he was doing his duty as a son and enjoying the pleasures of that relationship. The mere ownership of the car is not evidence that Haight under such conditions was driving for or on behalf of his brother-in-law.

We, therefore, are of the opinion that this judgment must be reversed and a new trial granted, with costs to abide the event.

COLLIN, CUDDEBACK, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., CARDOZO and POUND, JJ., dissent.

Judgment reversed, etc.