JOHN M. KOHLMEIER, JR., Respondent, *v.* FREDERICK H. ALLEN, Appellant.

First Department, June 2, 1922.

**Motor vehicles — owner of automobile not liable for accident while car was being driven by his son, not member of household, on pleasure trip without owner's knowledge or consent — presence of owner's daughter in car did not render him liable under doctrine of respondeat superior.**

An owner of an automobile is not responsible for the operation of the car where it appears that, at the time of the accident, the car was being driven by the owner's son upon a pleasure trip of his own without the knowledge or consent of the owner, that the son was twenty-seven years of age, had been away from home about eight years, had a car of his own in the city where he lived and had come to the home of his father for a visit on the day before the accident, and it further appears that, on the day in question, the owner had no business in the vicinity of the accident. The fact that a daughter of the owner was in the car upon the trip during which the accident occurred is not sufficient to make the father liable for the son's negligence under the principle of *respondeat superior.*

SMITH and PAGE, JJ., dissent.

APPEAL by the defendant, Frederick H. Allen, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of November, 1921, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 21st day of November, 1921, denying defendant's motion for a new trial made upon the minutes.

*Bertrand L. Pettigrew* of counsel [*Walter L. Glenney* with him on the brief], for the appellant.

*A. Lincoln Lavine* of counsel [*Matthew Swerling* with him on the brief], for the respondent.

CLARKE, P. J.:

The sole question presented is as to the responsibility of the defendant for the operation of his automobile, which was being driven by his son at the time of the accident. The defendant's family consisted of two sons and two daughters besides his wife and himself. The son, Frederick H. Allen, Jr., who was driving the car in question at the time of the accident, was twenty-seven years of age. He had been away from home for about eight years, living abroad and in Boston. He had been in the military service up to about three months before the accident when he returned to Boston. He had his own car in that city. Ever since his college days he had continually driven his own car. He had come down from Boston the day before the accident and spent the night at his father's house at Pelham Manor. On the day of the accident, without any previous conversation with his father as to the use of the car, this son went to his father's garage and took the car, which was primarily reserved for his mother's use, and with his sister drove to a morning hunt race meeting at Belmont Park Terminal. After the races Frederick H. Allen, Jr., started to go to a luncheon at the home of one of the young ladies at Westbury, L. I., and had in the car his sister and some friends, and while on their way to Westbury the accident occurred. The defendant himself testified that he did not use the car on the day of the accident nor did he know of any one who was going to use it, and further testified that he had no business that day in the vicinity of the accident. The jury found a verdict for the plaintiff. The question presented is whether the defendant's car, driven by his son on a pleasure trip of his own, was, nevertheless, engaged upon defendant's business and driven by defendant's agent for whose acts he was responsible because of the fact that a daughter of the defendant was also in the car. The basis for the recovery appears to be a paragraph contained in the opinion of the Court of Appeals in *Van Blaricom v. Dodgson* (220 N. Y. 111). While that case unanimously affirmed a judgment of the Appellate Division reversing a judgment for the plaintiff entered upon a verdict and directing a dismissal of the complaint (170 App. Div. 935), the court said: " The respondent had a family consisting of his wife, a married daughter and son-in-law and an adult son, all of whom resided with him. He was also the owner of an automobile which he ' had purchased for the

pleasure of the members ' of his family and himself and which car his wife drove from time to time ' for her pleasure ' as his son ' also did.' Said son also drove the car in taking out the daughter and her husband and ' the car was used for the entertainment of the members of the family and defendant's * * * guests.' Interpreted in the light of ordinary experience this evidence means that respondent kept the car for family use, whether of pleasure or convenience, and that he permitted his son from time to time to use the same for his individual accommodation. On a given occasion the son unaccompanied by any other members of the family and pursuing solely and exclusively his own pleasure and not any object of family entertainment or convenience, took the car and so negligently operated it as to kill plaintiff's intestate. * * * We may assume for the purposes of this discussion that if the son had been driving the car while containing other members of the family, for their convenience, he might be regarded as so carrying out the purposes of his father and for which the car was maintained, as to be the agent of the latter and to make him liable for negligence."

Seizing upon the assumption obviously *obiter*, the respondent urges that as, in this case, the son had with him another member of his father's family, to wit, his sister, the father is liable for the son's negligence, although he was not in the car, had not been consulted as to its use, did not know it had been taken out, and had no business at the time in which it could possibly have been engaged. It seems to me that such a holding would be against the entire current of authority in this State.

In *Maher* v. *Benedict* (123 App. Div. 579) the Appellate Division in the Second Department reversed the judgment in favor of the plaintiff where the defendant owned the car at the time of the accident, but was not in it. It was being driven by his son who had taken it out without his father's knowledge or direction. The court said: " Liability cannot be cast upon the defendant because he owned the car, or because he permitted his son to drive the car whenever he wished to do so * * * or because the driver was his son." It appeared in that case that the son had started for Pleasantville, where his grandfather lived, with the idea of bringing home his sisters who were there.

In *Tanzer* v. *Read* (160 App. Div. 584) this court reversed a judgment for the plaintiff and dismissed the complaint, as against the husband, where injuries were caused by an automobile belonging to the husband, which had been purchased by him for the mutual pleasure of himself and his family, including his wife, who was privileged to use the same. The husband had provided a chauffeur for the operation of the car and at the time of the accident this

chauffeur was in the car, but he had shortly before the accident given up the wheel to the wife who alone was operating the car when the accident occurred. It was being used on that occasion purely for the wife's recreation and not for the business of the husband. The court said: "I know of no law, however, which compels a husband to afford to his wife either the opportunity or means for recreation, but if he does so, I do not think that while engaged in such recreation she is in any sense acting as her husband's agent, even though she utilize his property as a means for her pleasure." In *Heissenbuttel* v. *Meagher* (162 App. Div. 752; affd., 221 N. Y. 511) this court reversed a judgment in favor of the plaintiff and dismissed the complaint where the plaintiff was injured by an automobile owned by defendant and driven by his son, twenty-four years of age, a law student living with his father as a member of his family. The car was a pleasure vehicle kept by defendant for the use of himself and his family. His son was privileged to use it for his individual purposes whenever he so desired. It was customary also for the son to act as chauffeur of the car when it was used by defendant or other members of his family. On the occasion of the accident the son had taken the car out for a pleasure drive accompanied by several of his friends. Neither the defendant nor any other member of his family, except his son, was in the party. The court said: " It is evident from these facts that when the accident happened the car was neither expressly nor constructively in the use or service of the defendant, and that in driving the car the son was in no way acting as the defendant's agent." In *Farthing* v. *Strouse* (172 App. Div. 523) the Appellate Division in the Second Department affirmed a judgment of nonsuit against the husband. The car was being driven by his wife. He was not present. He admitted ownership. He admitted that his wife had authority to use the car for her pleasure or for any purpose whatever. The court said: " There is no evidence that at the time of the casualty the wife was engaged in the business of the husband. * * * The rule of *stare decisis* requires us to hold that upon the facts in this case there is no presumption that the defendant's wife was in his service and engaged in his affairs, and that, therefore, the principle of *respondeat superior* does not apply." In *De Smet* v. *Niles* (175 App. Div. 822) it appeared that defendant, a young man of about twenty-one or twenty-two years of age, living with his father and mother, owned this car. His brother, who was driving the car at the time of the accident, testified that the defendant had forbidden him to take the car out alone, but that at any time his mother wanted him to take her out he could take her out in the car. On this occasion the mother had asked him to get the car for the purpose of taking her

and a friend of her's from their residence to the friend's home. This court said: " It is very evident that the car was not being used in the business of the defendant but solely for the purposes and pleasures of the mother, and the mere authority given to William to take the car out when his mother wished him to did not render the defendant liable." In *Legenbauer* v. *Esposito* (187 App. Div. 811) a judgment for plaintiff was reversed by the Appellate Division, Third Department, where the plaintiff was injured riding in a car owned by defendant where it appeared that defendant had consented that his son might take out his car and give plaintiff and some other young people a ride, the court saying: " It was for their pleasure and at their request, and the fact that the driver happened to be his son did not make him the agent or servant of the defendant." In *Potts* v. *Pardee* (220 N. Y. 431) the Court of Appeals reversed a judgment in favor of the plaintiff. The automobile was owned by the defendant, and her husband, son and chauffeur were in the car at the time of the accident. The car was being driven by the chauffeur who testified that he was not in the employ of the defendant but was at the time of the accident and for nearly twenty years prior thereto was in the employ of the husband; that he was hired by the husband, was paid by him, and received his orders from him including those with reference to the trip which was being taken. Judge MCLAUGHLIN said: " It has been settled by numerous authorities in this State at least, that when it appears in an action against the owner of an automobile for damages sustained that the driver was not in his employ nor engaged in his business a plaintiff cannot recover. *Van Blaricom* v. *Dodgson* (220 N. Y. 111 and cases cited). * * * But it is strenuously urged by the respondent that the defendant may be held liable, notwithstanding the ·rule established by the authorities cited, because she was the owner of the car and in it at the time the accident occurred. This cannot be done unless the rule which makes one person responsible for the torts of another be entirely disregarded. * * * I am of the opinion the complaint should have been dismissed." In *Fallon* v. *Swackhamer* (226 N. Y. 444) the Court of Appeals reversed a judgment for the plaintiff. The defendant was the owner of the car, which at the time of the accident was being driven by his brother-in-law, who at his mother's request had taken defendant's car to drive her to her home, and on returning it collided with a car in which plaintiff was riding. The court said: " Even if it could be fairly presumed from the evidence that Haight had Swackhamer's consent to take his car for the purpose of taking his mother home, this would not be

29

First Department, June, 1922.　　　　　[Vol. 201

sufficient to make the latter liable. An owner who gratuitously loans his car to a servant or even to a member of his family for such person's own particular pleasure or business is not liable for an accident thereafter happening. * * * When, therefore, Haight, at the request of his mother, took her in Swackhamer's car to her house he was doing his duty as a son and enjoying the pleasures of that relationship. The mere ownership of the car is not evidence that Haight under such conditions was driving for or on behalf of his brother-in-law."

It seems to me clear that, as it appears from the undisputed evidence in this case, the son had taken his father's car without his knowledge for a pleasure expedition of his own, the mere presence of his sister in the party cannot, upon any logical ground, be held to have created the relationship of master and servant between the father and the son, the father thereby becoming responsible for the son's negligence under the principle of *respondeat superior*. In *Doran* v. *Thomsen* (76 N. J. L. 754), in an action against a father, where his daughter in using his car for her own pleasure in driving her personal friends negligently injured the plaintiff, the court upon the trial had charged the jury: " If she took that machine out at that time in pursuance of a general authority of her father to take it whenever she pleased for the pleasure of the family and for her own pleasure, for the purpose for which the master bought it, for the purpose for which her father owned it, for the purpose for which he expected her to operate it, then she was the servant of the father. Under those circumstances, that was the business for which the father bought the machine." This the Court of Errors and Appeals held error because it based the creation of the relation of master and servant upon the purpose which the parent had in mind in acquiring ownership of the vehicle and its permissive use by the child, ignoring an essential element in the creation of that *status* as to third persons, that such use must be in furtherance of and not apart from the master's service and control. " It would subject a parent to liability if he bought for his son a baseball, or for his daughter a golf club, and by permitting them to be used by his children for their appropriate purposes, injury occurred." And our Court of Appeals in *Van Blaricom* v. *Dodgson* (*supra*) speaking upon the same subject said: " But it seems to us that such a theory is more illusory than substantial, and that it would be far-fetched to hold that a father should become liable as principal every time he permitted a capable child to use for his personal convenience some article primarily kept for family use. That certainly would introduce into the family relationship a new rule of conduct which, so far as we are aware, has never been applied to other articles than

an automobile. We have never heard it argued that a man who kept for family use a horse or wagon or boat or set of golf sticks (*sic*) had so embarked upon the occupation and business of furnishing pleasure to the members of his family, that if some time he permitted one of them to use one of those articles for his personal enjoyment, the latter was engaged in carrying out not his own purposes, but, as agent, the business of his father."

In my opinion the judgment appealed from should be reversed and the complaint dismissed, with costs and disbursements to the appellant.

MERRELL and GREENBAUM, JJ., concur; SMITH and PAGE, JJ., dissent.

Judgment and order reversed, with costs, and complaint dismissed, with costs.