GEORGE J. DOERSAM, as Administrator, etc., of IRENE DOERSAM, Deceased, Respondent, *v.* JOSEPH OSMALEK and FRANK ORZIBOWSKI, Defendants, Impleaded with CHARLES ISENBURG and SOLOMON ISENBURG, Appellants.

Fourth Department, June 30, 1922.

Motor vehicles — action to recover for death — collision between motor truck and automobile at street intersection resulting in death of bystander on sidewalk — negligence of driver of automobile question for jury — son driving brother's automobile without request by or knowledge of father, not agent of father, although trip was made for benefit of mother and sister and to secure household supplies.

A question of fact as to the negligence of the driver of an automobile was presented for the jury in an action to recover for the death of a bystander on a sidewalk who was killed as the result of a collision between a motor truck and an automobile at a street intersection, where it appears that the driver of the automobile had the right of way but did not look in the direction from which the truck was approaching until he was almost in the center of the intersection and at a time when the truck was very close upon him, and that in an endeavor to extricate

themselves from the situation the truck and the automobile collided and the truck ran onto the sidewalk and struck the plaintiff's intestate.

The driver of the automobile, which belonged to his brother, and was being driven without the knowledge of his father, was not acting as the agent of his father, one of the defendants herein, although at the time of the accident he was driving the car at the request of his mother for the purpose of taking her and his sister to different stores where they purchased a dress for the mother and food for the family.

APPEAL by the defendants, Charles Isenburg and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 2d day of March, 1922, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the 20th day of March, 1922, denying defendants' motion for a new trial made upon the minutes.

*James A. Magoffin,* for the appellants.

*Ford White,* for the respondent.

SEARS, J.:

The deceased was a bystander on the sidewalk near the corner of William and Jefferson streets in the city of Buffalo at the time of a collision between a truck driven by one Osmalek and a Ford automobile driven by the defendant Solomon Isenburg. Following the collision, the truck was diverted in such a way that it passed onto the sidewalk, striking and causing the death of the plaintiff's intestate. Previous to the collision the Ford car driven by Solomon Isenburg was proceeding easterly on William street in the city of Buffalo, and the truck was proceeding southerly on Jefferson street. Under section 12, subdivision 4, of the General Highway Traffic Law, the direction in which Solomon Isenburg's vehicle was moving was such as to give it the right of way over vehicles moving in the direction in which the truck was proceeding, but there was evidence from which the jury could have found that the defendant Solomon Isenburg did not look to the north until he was almost at the center of the intersection. Then the truck was very close upon him, and he turned suddenly to the south, succeeded in passing in front of the truck, and moved toward or to the curb on the easterly side of Jefferson street, facing in a southerly direction. Meanwhile the truckdriver, embarrassed by the driving and maneuvers of Isenburg, turned his truck somewhat to the east so that the left-hand side of the truck at its front end and the right-hand side of the Ford automobile at its front end came together, and the two vehicles proceeded together for some appreciable distance in a southerly direction, and then the truck

went over the curb.    Upon these facts the court properly held that the question of the defendant Solomon Isenburg's negligence was for the jury.

The principal question upon this appeal, however, relates to the liability of the defendant Charles Isenburg, the father of Solomon.   There was evidence from which the jury could have found that several months before the accident Charles Isenburg had owned another Ford automobile, which about that time he sold to his son Louis.   Louis traded it and purchased the automobile which was involved in this collision.   The license was issued to Louis Isenburg and one Philip Kaiser.   Louis was a salesman and maintained the car for his own purposes.   He lived at home with his parents, and when the car was not being used by him, he permitted other members of the family to use it, and in this way the defendant Solomon Isenburg had often driven his mother and sister and his father in his brother Louis' automobile.

In the afternoon of the day in question, Solomon's mother, with her daughter, were driven by Solomon downtown in Louis' car at his mother's request.   She purchased a dress and on the way home stopped at a bakery to buy food for the family.   After leaving the bakery, the accident took place.   At the time the defendant Solomon started with his mother and sister from their home, it was between two and three o'clock in the afternoon. The defendant Charles, who worked late into the night, was still asleep and knew nothing of their departure.   On this evidence a verdict was rendered by the jury against Charles Isenburg.

The principal authority relied on to sustain the verdict against Charles Isenburg is *Van Blaricom* v. *Dodgson* (220 N. Y. 111). There the court said:   " We may assume for the purposes of this discussion that if the son had been driving the car while containing other members of the family, for their convenience, he might be regarded as so carrying out the purposes of his father and for which the car was maintained, as to be the agent of the latter and to make him liable for negligence.   If the owner of a car, directly or indirectly, causes some one, whether his son or hired chauffeur, to drive the same for the benefit of members of his family, it is familiar law that such driver may become the agent of the owner, and several of the decisions cited by appellant, such as *Smith* v. *Jordan* [211 Mass. 269; 97 N. E. Rep. 761]; *Missell* v. *Hayes* [86 N. J. L. 348; 91 Atl. Rep. 322], might be accepted on such a theory."

In the *Van Blaricom* case, however, although the automobile was owned by the father and kept by him for the family use, at the time of the accident the son was driving it for his own exclusive

pleasure and not for any object of family entertainment or convenience, and it was, therefore, held that the father was not liable.

Here the car was not owned or maintained by Charles Isenburg. The case is devoid of proof that Charles Isenburg ever, expressly or impliedly, directed or caused his son to drive the car for the family convenience or entertainment. The most that could be found would be acquiescence and the court correctly charged the jury that acquiescence would not be sufficient to establish his connection with Solomon's driving. Solomon was driving at the request of his mother. When the mother and sister were using the car for their entertainment or convenience, they were not acting as agents of Charles Isenburg, the father of the family. (*Van Blaricom* v. *Dodgson, supra; Fallon* v. *Swackhamer,* 226 N. Y. 444; *Reilly* v. *Connable,* 214 id. 586; *Tanzer* v. *Read,* 160 App. Div. 584; *Duffy* v. *Ascher,* 191 id. 918.) The fact that they were shopping and even bought some food for the family table on this trip does not change the situation. If Mrs. Isenburg had walked or ridden a bicycle to the bakery and on the way had negligently run into a person, knocked down and injured such person, it would not be said that in going to the bakery she was acting as the agent of her husband so as to make him liable for her negligence. So here in asking her son to take her out in his brother's automobile, she was not acting as the agent or servant of her husband, nor was her son acting as the agent or servant of his father in honoring her request. Under all the circumstances, no agency on the part of Solomon for Charles Isenburg was made out.

The judgment and order should be affirmed, with costs, as to the defendant Solomon Isenburg, and reversed and the complaint dismissed, with costs of this appeal, as to the defendant Charles Isenburg.

All concur.

Judgment and order affirmed, with costs as to the defendant Solomon Isenburg. Judgment and order reversed upon the law, with costs, and complaint dismissed as to the defendant Charles Isenburg.