CORABEL McCROSSEN, Appellant, *v.* THOMAS A. MOORHEAD, Respondent.

Third Department, July 6, 1922.

**Motor vehicles — action to recover for injuries — daughter of owner driving automobile in compliance with request of father to take mother for ride — daughter agent of father — owner liable though not in car at time of accident — complaint improperly dismissed at close of plaintiff's case.**

In an action against the owner of an automobile for injuries suffered it was error for the court to dismiss the complaint at the close of the plaintiff's case, where the evidence on behalf of the plaintiff tended to show that at the time of the accident the automobile was being driven by the daughter of the owner in compliance with his request that she take her mother for a ride, for under the circumstances the daughter was the agent of her father and was acting under his direction.

APPEAL by the plaintiff, Corabel McCrossen, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Saratoga on or about the 27th day of January, 1922, upon the dismissal of the complaint at the close of the plaintiff's case.

*Judge & Lyons (John E. Judge* of counsel), for the appellant.

*Mills & Mills (Borden H. Mills* of counsel; *Charles H. Mills* with him on the brief), for the respondent.

VAN KIRK, J.:

At the end of the plaintiff's case the court stated that the plaintiff had established a right to recover for negligence on the part of the driver of the automobile, but held that a nonsuit should be granted because the owner " was not present and had nothing to do with it." There was evidence which would have justified the jury in finding that the defendant was the owner of the car; he had purchased it for the use and pleasure of his family; that his daughter was authorized by him to drive the car and take out members of his family upon occasions when he was not present; that on the day the accident occurred he told his daughter that he was not going for a ride, but that she could take her mother for her pleasure and enjoyment; that he on that occasion either drove the car to the house, or the daughter procured it herself, and that on that occasion the car was used in the service of the father to provide recreation for the family and upon the authority of the father.

There is no evidence justifying a finding that this daughter was not competent or qualified to drive an automobile. The one question is whether she is to be held the agent of her father and, therefore, under his direction and control while taking the mother out for her pleasure.

The owner of a car may loan it to another person, who is competent as a chauffeur, without incurring liability for the negligence of the operator, even though the operator is his son or daughter. In such circumstance the father is not the principal of the son or daughter. (*Van Blaricom* v. *Dodgson,* 220 N. Y. 111.) To the same effect is the holding in *Fallon* v. *Swackhamer* (226 N. Y. 444). In the *Van Blaricom* case (p. 114) the court said: " If the owner of a car directly or indirectly causes some one, whether his son or hired chauffeur, to drive the same for the benefit of members of his family, it is familiar law that such driver may become the agent of the owner." In the instant case the daughter who drove the car did so upon authority from her father and she was acting as his agent and under his direction. Under similar facts we have

36

affirmed a judgment against the owner in *McComb* v. *Boardman*
(199 App. Div. 229).

The judgment should be reversed and a new trial granted, with
costs to the appellant to abide the event.

All concur.

Judgment reversed and new trial granted, with costs to the
appellant to abide the event.