CORABEL McCROSSEN, Respondent, *v.* THOMAS A. MOORHEAD, Appellant.

Third Department, May 16, 1923.

Motor vehicles — action for injuries suffered in collision between automobiles — defendant's automobile was being driven by his daughter for her mother's pleasure — daughter was agent of defendant — verdict in favor of plaintiff against evidence.

Where an automobile is being driven by the daughter of the owner, for the pleasure of the owner's wife, the daughter will be held to be the agent of the owner who is chargeable with any negligence committed by her.

But in this action to recover damages suffered in a collision between an automobile that was being driven by the defendant's daughter and an automobile driven by the plaintiff's father, the verdict of the jury in favor of the plaintiff is against the weight of the evidence on the question of the defendant's negligence.

APPEAL by the defendant, Thomas A. Moorhead, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 4th day of November, 1922, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the 9th day of November, 1922, denying defendant's motion for a new trial made upon the minutes.

*Mills & Mills* [*Charles H. Mills* with them on the brief; *Borden H. Mills* and *William Rooney* of counsel], for the appellant.

*Judge & Lyons* [*John E. Judge* of counsel], for the respondent.

HASBROUCK, J.:

This case was before this court on a prior appeal from a judgment dismissing the complaint at the close of the plaintiff's case upon the ground that the agency of the defendant's daughter in driving the car had not been proved. (*McCrossen* v. *Moorhead*, 202 App. Div. 560.)

The court in its opinion on such appeal having stated the evidence in some detail determined that it was sufficient to have justified the jury in finding the fact of agency. Substantially the same evidence on the agency of the daughter has been given on the second

**498**                          McCROSSEN *v.* MOORHEAD.

Third Department, May, 1923.                    [Vol. 205

trial and upon that evidence we have no reason to find a conclusion differing from that reached on the first appeal.

In *Fallon* v. *Swackhamer* (226 N. Y. 444) Judge CRANE says: " The person driving, whether the servant or agent as a member of the family, must at the time be engaged in the owner's business or *purpose* to render him liable." And in *Van Blaricom* v. *Dodgson* (220 N. Y. 111) Chief Judge HISCOCK says: " We may assume for the purposes of this discussion that if the son had been driving the car while containing other members of the family, for their convenience, he might be regarded as·so carrying out the *purposes* of his father and for which the car was maintained, as to be the agent of the latter and to make him liable for negligence."

The test seems to be as to cars not used in the business of the owner as to whether such cars are used to carry out the purpose of the owner. If such be the test then in the case at bar there can be no doubt that the evidence discloses the fact that the driving by defendant's daughter for his wife's pleasure was quite within the owner's purpose.

The appeal herein also brings up the question as to whether the verdict rendered against the defendant herein is against the weight of the evidence on the question of the negligence of the defendant.

The accident under consideration happened in the village of Ballston Spa where Saratoga avenue runs approximately east and west and intersects Milton avenue running approximately north and south. Saratoga avenue terminates in and is deflected by Milton avenue.

The law regulating the operation of vehicles at intersecting highways requires that the driver of such vehicle approaching the intersection of a street shall grant the right of way to any vehicle approaching from the right. (General Highway Traffic Law, § 12, subd. 4; *Brillinger* v. *Ozias*, 186 App. Div. 221; *Ward* v. *Clark*, 232 N. Y. 195.) The car in which the plaintiff rode was being driven north on Milton avenue and the car of the defendant west on Saratoga avenue. Instead of yielding the right of way the father of the plaintiff drove his car into the area on the highway traversable by the defendant in making the turn out of Saratoga avenue into Milton avenue in driving toward Albany.

This fact bears upon the question of defendant's negligence and not upon any claim of contributory negligence against the plaintiff, for the negligence of her father may not be imputed to her, a passenger. The difficulty in this case is that the verdict is against the weight of the evidence. The fact that the accident occurred, not on Milton avenue opposite the sycamore tree, but thirty-five or

forty feet south of it, seems indubitably established by the evidence. The plaintiff is not entitled to succeed if such be the location of the accident, and we think the jury erred in failing to yield to its persuasion.

The judgment should be reversed and a new trial granted.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HINMAN, JJ., concur.

Judgment and order reversed on the ground that the verdict is against the weight of the evidence, and new trial granted, with costs to the appellant to abide the event.