ARAMINTA CRIPPIN, SQUANTO CRIPPIN and HARRIETT B. VALENTINE, an Infant over the Age of Fourteen Years, by ARAMINTA CRIPPIN, Her Guardian ad Litem, Respondents, Appellants, *v.* SUNSHINE TRANSPORTATION CORPORATION and ELAINE TRANSPORTATION CORPORATION, Respondents, and THE BORDEN COMPANY, Appellant.

First Department, June 19, 1940.

*John A. Kelly* of counsel [*Milbank, Tweed & Hope,* attorneys], for the appellant The Borden Company.

*Herbert Kaufman* of counsel [*Ralph E. Schneider* with him on the brief], attorney for the respondents-appellants.

*E. Edan Spencer,* for the respondent Sunshine Transportation Corporation.

*Martin N. Whyman* of counsel [*Louis L. Resnick,* attorney], for the respondent Elaine Transportation Corporation.

O'MALLEY, J. The question presented is whether, in these actions for personal injuries and loss of services predicated upon the defendants' negligence, the jury were justified in finding in favor of defendant transportation corporations and in favor of the plaintiffs against the defendant Borden Company.

On January 9, 1938, at about two-forty-five A. M., the plaintiffs Araminta Crippin and her daughter, Harriett B. Valentine, were passengers in a taxicab of defendant Sunshine Transportation Corporation, which was proceeding northerly on Eighth avenue in the borough of Manhattan. Near One Hundred and Twelfth street the cab came to a sudden stop. As a result, the plaintiffs,

mother and daughter, were precipitated from their seats and sustained injuries for which they, and the plaintiff husband and father, have recovered damages against defendant Borden Company.

Plaintiffs themselves called as witnesses the drivers of the Sunshine and Elaine Transportation Corporation. The Sunshine driver testified that he had picked up plaintiffs (mother and daughter) about twenty feet south of One Hundred and Eleventh street, at which street he had stopped for a traffic light. When the light changed in his favor he proceeded northerly at about a distance of ten feet behind the taxicab of the defendant Elaine. Suddenly and without warning the Elaine cab stopped, compelling him to do likewise. At the time he was going only about twenty miles an hour and the Elaine cab was a little to his left. He denied that his cab had come into contact with that of the Elaine, though the plaintiff Araminta Crippin testified that it had done so. He further testified that he did not know what had caused the Elaine cab to stop but thereafter he saw a wagon of defendant Borden Company traveling easterly across Eighth avenue against the light. The Sunshine driver then went over to the Borden wagon which had stopped on the east side of Eighth avenue but did not see any one in it.

The driver of the Elaine cab said that he was proceeding about twenty miles an hour as he approached One Hundred and Twelfth street; that at the time the traffic lights were in his favor; that suddenly he saw the horse and wagon of defendant Borden Company coming east on One Hundred and Twelfth street from behind elevated pillars, it being dark and gloomy beneath the " El " structure; that at this time the horse and wagon were about ten feet away from him and he was compelled to make an emergency stop without giving any hand warning. The horse and wagon were then in the middle of Eighth avenue. After the occurrence, he saw a young colored boy in the Borden wagon.

It seems clear that, if the jury believed the story of the two cab drivers as thus detailed, they had sufficient evidence on which to predicate their finding that the defendant transportation corporations were not guilty of negligence. The driver of the Elaine cab, confronted with this emergency, was forced to a sudden stop. In the circumstances, it was not negligent for him to fail to give the preparatory hand signal.

So, too, a finding that the driver of the Sunshine cab was not negligent was justified. While he was traveling about twenty miles an hour, his sudden stop was occasioned by the sudden stop of the Elaine cab. He was not following the Elaine cab too closely in view of his testimony, which the jury had a right to accept, that the two cabs did not come into contact.

In the circumstances, we are of opinion that the verdict of the jury in favor of the defendant transportation corporations is amply supported by the evidence and that the judgment, in so far as it dismisses the complaint against them, should be affirmed.

With respect to the defendant Borden Company, we are of opinion that the verdict of the jury against it may not be sustained. Its driver, Laumann (not in its employ at the time of the trial), was called by the plaintiffs. He testified that prior to the accident he had parked his horse and wagon on One Hundred and Twelfth street west of Eighth avenue; that he had set the emergency brake (similar to one on an automobile), and with this brake set, the horse could scarcely move the wagon; that after making a delivery he found the horse and wagon on the east side of Eighth avenue with a fourteen-year-old colored boy named Saunders on it; that contrary to rules of the defendant Borden Company and unknown to it, Saunders had been employed by him to assist him on his early morning deliveries; and to conceal the fact from the Borden Company Saunders would join him *en route;* that Saunders had never appeared where he might be discovered by the company's representatives. On the morning in question when Laumann left his horse and wagon Saunders had not appeared.

This practice had been continued for some seven months. Laumann testified that Saunders' duties were to watch the wagon to see that nothing was stolen while deliveries were being made and also to assist in making deliveries, and that he had instructed him never to drive the wagon, although occasionally in the middle of a block he had permitted him to do so.

Even on Laumann's testimony, we are of opinion that it is doubtful whether the verdict against the Borden Company could be sustained. But in view of the uncontradicted and unimpeached testimony of Saunders himself, we are of opinion that the verdict of the jury was contrary to the evidence.

Saunders, called by the defendant Borden Company, testified to the arrangement he had with Laumann, unknown to the Borden Company; that on the day in question he had picked up the wagon where it had been left by Laumann on the west side of Eighth avenue; that he released the brake, took the reins and started to cross the avenue at a time when the lights were in his favor; that when midway across the two cabs loomed up and, though he heard a noise, he said the wagon was not hit; that he had never been permitted to drive the wagon save in the middle of blocks and this was the first time in his seven months' work that he had ever driven alone, particularly across an intersecting street. It is to be recalled that the drivers of the taxicabs contradicted his claim that the lights were in his favor when he crossed.

Except in this respect, Saunders' testimony was uncontradicted and unimpeached, was not improbable and should not have been rejected by the jury. (*St. Andrassy* v. *Mooney*, 262 N. Y. 368; *Der Ohannessian* v. *Elliott*, 233 id. 326.) The presumption of control of the wagon arising from ownership was amply rebutted and the jury could not find in plaintiffs' favor on this issue under the circumstances. (*St. Andrassy* v. *Mooney, supra; Fallon* v. *Swackhamer*, 226 N. Y. 444, 447; *Rose* v. *Balfe*, 223 id. 481, 486; *Potts* v. *Pardee*, 220 id. 431, 433.)

This case is clearly distinguishable from such decisions as *Grant* v. *Knepper* (245 N. Y. 158). In that case the party unlawfully driving the vehicle was an employee, though not authorized to drive it. He had been given permission so to do by another employee whose duty it was to drive. In this case, Saunders was not an employee of the Borden Company and had been expressly forbidden to drive by Laumann who was not present when Saunders released the brake and started to drive.

In the circumstances, therefore, we are of opinion that the verdict of the jury in favor of plaintiffs and against the defendant Borden Company is contrary to the evidence.

It follows, therefore, that the judgment, in so far as it is in favor of the defendant transportation companies, must be affirmed, with costs, and, in so far as it is in favor of the plaintiffs and against the defendant the Borden Company, reversed, with costs to said defendant, and the complaint dismissed as to said defendant, with costs.

MARTIN, P. J., TOWNLEY and GLENNON, JJ., concur; DORE, J., dissents.

DORE, J. (dissenting). In so far as the majority opinion recommends reversal of the judgment and dismissal of the complaint against the Borden Company, I dissent and vote to affirm the judgment appealed from against that defendant. Two witnesses, who were in the best position to observe the fact, testified that the Borden wagon as it crossed the intersection had no light on it; and the jury may well have found this violation of the traffic regulations evidence of negligence that caused or contributed to cause the accident; for if the wagon had lights, the approaching taxi drivers might well have been able to observe it in time to avoid the accident.

The Borden Company's ownership of the horse and wagon raised the presumption of control and whether that presumption was rebutted was a question of fact for the jury in the light of all the surrounding facts and circumstances. The jury was not

obliged to believe Laumann's testimony, especially with regard to the emergency brake and not leaving the wagon unattended. Neither was the jury obliged to believe the testimony of Saunders, and accordingly the jury may have found that the horse and wagon were in the intersection at the time unattended.

According to the uncontradicted testimony the witness Saunders had been working on the wagon on that route for seven months. Defendant Borden Company's duty did not end with the mere promulgation of a rule; there was some duty of enforcement; that state of facts constituted some evidence of defendant's negligence in failing to supervise and prevent the employment of the child or might have been the basis of a permissible inference by the jury of constructive notice on the company's part. (See *People ex rel. Price* v. *Sheffield Farms Co.*, 225 N. Y. 25, 28, 33.)

These plaintiffs, who clearly were not guilty of any contributory negligence, have been told by the jury that on the facts there is no recovery against the taxi companies, and they are now told by this court that on the law and the facts as the jury should have found them, there is no recovery against the Borden Company. They are thus left without any remedy.

On this record the jury was at least justified in finding that the accident happened because of negligence on the part of the Borden Company acting through its agent Laumann. The verdict is not contrary to the evidence but is in accordance with the weight of the evidence. The judgment in plaintiffs' favor against defendant Borden Company should be affirmed, with costs.

Judgment, in so far as it is in favor of the defendants Sunshine Transportation Corporation and Elaine Transportation Corporation, affirmed, with costs to said defendants against plaintiffs, and, in so far as it is in favor of the plaintiffs and against the defendant Borden Company, reversed, with costs to said defendant, and the complaint dismissed as to said defendant, with costs.