### STROM v. ANDERSON.

Civ. 5326.

United States District Court
W. D. New York.

Sept. 22, 1953.

See also, D.C., 14 F.R.D. 240.

Rogerson & Hewes, Jamestown, N. Y., for plaintiff, J. Russell Rogerson, Jamestown, N. Y., of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant, Arthur E. Otten, Buffalo, N. Y., of counsel.

KNIGHT, Chief Judge.

The complaint in this action named Anderson and one Carl Frisk as defendants. Frisk was never served with process and at the trial defendant's counsel moved to strike Carl Frisk as a defendant which motion, without objection, was granted.

Trial was had to the Court without a jury.

The undisputed facts are: Defendant Anderson, on July 7, 1949, was the owner of a Gar Wood motor boat which was being operated with his permission by Carl Frisk on Lake Chautauqua in front of the Viking Club property; that Frisk was a mature man, 65 years of age; that the motor boat was equipped with a Chrysler 115 h. p. motor and was capable of travelling 35 miles an hour; that the motor boat was purchased by Anderson and delivered to him late in June, 1949; that plaintiff was one of several persons swimming at a point between the dock and a raft located 35 to 50 feet beyond the dock; that plaintiff was at the time of the accident standing in the water 10 to 15 feet from the end of the dock; that Frisk, then operating the boat, was coming alongside the dock and suddenly gave it (the motor) the gas and it started up pretty fast and was driven at plaintiff who was between the dock and raft; that plaintiff was struck by the propeller of the motor boat and the muscles, tendons, ligaments and bones of the lower third of plaintiff's left leg were badly torn and lacerated, he was bleeding profusely and suffered shock; that plaintiff was hospitalized and his wounds treated, cleansed, his muscles and tendons put in position and sutured, fractures were reduced and the leg immobilized; that the fractured bones of plaintiff's leg later became infected in spite of treatments and dressings and continued to discharge until late 1950 or early 1951; that plaintiff lost wages and was obliged to pay his doctor bill and hospital bill; that plaintiff returned to work in a new sitting job; that plaintiff worked in the new sitting job approximately 16 months and earned $51 a week which was about $7 a week less than he earned before the accident; that since May, 1951, plaintiff has been working at his regular job; that after October or November, 1951, plaintiff earned substantially more than he had earned prior to the accident, and his present take home pay is $81.90 a week.

The first cause of action alleged in the amended complaint has been dismissed by consent.

Under the second cause of action alleged in the amended complaint, plaintiff seeks to recover damages from the defendant Anderson for his negligence and total disregard of the rights and safety of plaintiff, knowing that the operation of Anderson's high speed and powerful motorboat by a person known to be inexperienced was extremely hazardous and dangerous to the lives and safety of persons using the waters of Lake Chautauqua at or near the property of the Order of Vikings, on July 7, 1949.

The disputed matters involved are whether Frisk was or was not, to the knowledge of defendant Anderson, a person competent to be entrusted with the operation and con-

trol of the Gar Wood motorboat belonging to defendant Anderson and for whose negligence Anderson would be liable.

From the testimony, examinations before trial and briefs it appears that Frisk, a mild mannered person, over 64 years of age at the time of the accident, was operating the Gar Wood Motor-boat of defendant Anderson; that the boat was capable of a speed up to 35 miles an hour; that Anderson had previously owned a Chris-Craft motor-boat which he had instructed Frisk to operate; that the Gar Wood motor-boat involved in the accident was operated in a manner similar to the Chris-Craft; that the Gar Wood boat had been loaned to Anderson during 1948 and was finally purchased by Anderson from Norris, who delivered the boat in the latter part of June, 1949; that Anderson obtained a license for the Gar Wood boat on June 29, 1949; that Frisk arrived at Anderson's place for his vacation on July 2, 1949; that Frisk had operated the Gar Wood boat during 1948 and more than twice between July 2 and 7, 1949 and on the morning of July 7, 1949, Anderson gave Frisk the right and authority to use that boat, without restrictions or conditions; that Frisk took the boat on that day for his own purpose and drove it to the dock at the Viking Club property; that on July 7, 1949, Frisk had the accident which is the subject of this lawsuit; that Anderson had not instructed Frisk how to operate the Gar Wood motor-boat; that Anderson had not instructed Frisk as to the regulations of the Chautauqua Lake Navigation Commission or the provisions of the laws of the State of New York, relating to the operation of motor boats on Lake Chautauqua; that after the accident, Frisk circled the boat and brought it back to the dock; that Frisk testified that, without intent, he probably got excited and put on the gas, that he got scared and nervous; that Carl Frisk was the husband of defendant's cousin; that defendant had known Frisk about 40 years; that Frisk had driven the Gar Wood motor-boat many times during the year 1948; that Frisk had driven defendant's Gar Wood motor-boat 75 or 100 times prior to the accident; that defendant knew Frisk to be a careful driver from his

observation in handling the motor boats while docking and meeting and passing other boats; that Frisk had owned and driven an automobile for many years.

The major question to be solved is as to the liability of the owner of the boat, under the circumstances in this case, for the acts of the operator which resulted in the accident.

To answer the question it must first be determined whether defendant Anderson in loaning his motor boat to Frisk was satisfied that Frisk was competent to operate the boat. All of the evidence submitted by plaintiff, who called Frisk as a witness, is that Frisk had ridden in and had operated the particular boat involved in this accident on Lake Chautauqua during the previous year and at least twice between July 2 and 7, 1949; that Frisk had permission to use the boat on the day of the accident, July 7, 1948; that Frisk was taught by Anderson to operate a motor boat (a Chris-Craft) about two years before the accident; that Frisk operated the Chris-Craft boat from that time until he began operating the Gar-Wood boat in 1948; that Frisk had operated the boat with which he had the accident probably 75 or 100 times prior to the accident.

In plaintiff's brief it is stated of Anderson concerning Frisk that "he (Anderson) knew he (Frisk) was excitable and subject to nervousness such as Frisk stated he suffered on July 7, 1949." Nothing in the record has been found which warrants such a conclusion. It does not appear that Frisk had ever had an accident with any motor boat which he had operated. In fact there is no evidence of incompetency of Frisk to operate the motor boat other than the inferences which might be drawn from the circumstances of the accident in the instant case.

Many of the cited cases refer to the statutory liability of owners of motor vehicles whose automobiles, while being legally operated, with permission, express or implied, cause damage resulting from negligence in violation of New York Vehicle and Traffic Law, McK.Consol.Laws, c. 71, § 59. Prior to the enactment of Highway

Law, McK.Consol.Laws, c. 25, § 282e, Laws 1924, c. '534, effective July 1, 1924, the common law rule relating to negligence in the use of motor vehicles was the same as the present common law rule relating to a horse or wagon or boat or set of golf clubs. Van Blaricom v. Dodgson, 220 N.Y. 111, 115 N.E. 443, L.R.A.1917F, 363; Fallon v. Swackhamer, 226 N.Y. 444, 123 N.E. 737; Reilly v. Connable, 214 N.Y. 586, 108 N.E. 853, L.R.A.1916A, 954; Gochee v. Wagner, 257 N.Y. 344, 178 N.E. 553; Cherwien v. Geiter, 272 N.Y. 165, 5 N.E.2d 185. A motor boat, as such, is not a dangerous instrumentality, except that it might be in the hands of a person known to be incompetent or untrained. Restatement of the Law of Torts (negligence) § 390; Ward v. Koors, Ohio App., 33 N.E.2d 669, 672; Gulla v. Straus, 154 Ohio St. 193, 93 N.E.2d 662; Downtown Chevrolet Co. v. Lehman, 191 Okl. 319, 129 P.2d 578, 579.

Plaintiff eliminated the question of Anderson's liability for the negligence of an agent or employe by consenting to the dismissal of the first cause of action alleged in the amended complaint. The liability sought to be imposed by plaintiff would have to be predicated upon the combined negligence of Anderson, the owner, and Frisk, the operator of the motor boat, the owner from the act of knowingly entrusting the boat to an incompetent operator and the operator's negligence from the lack of due care in its operation. The burden of showing permission given Frisk to operate the boat was shown by plaintiff but he has failed to show that Anderson knew at the time that Frisk was incompetent and unqualified to operate the boat or that Anderson had knowledge of such facts and circumstances as would imply knowledge of such incompetency. There was no showing that Frisk had had any previous accident with any boat, or that anything had ever occurred from the time Frisk began operating motor boats in 1946 until the present accident which would tend to establish that Frisk was an incompetent, inexperienced or reckless operator.

Inasmuch as the action is being determined on the merits, it is not necessary to pass upon the motions made during the trial to strike certain testimony.

In the circumstances the defendant Anderson should have judgment against the plaintiff dismissing the complaint.

Present findings in accord with this memorandum.